Roberts and wife v. Phillips, &c.

CASE 3—PETITION EQUITY—MARCH 5.

# Roberts and wife v. Phillips, &c.

APPEAL FROM THE MARION CIRCUIT COURT.

1. FRAUDULENT CONVEYANCES—SUIT OF ONE INURES TO BENEFIT OF ALL THE CREDITORS.—Under the act of 1856 "to prevent fraudulent assignments in trust for creditors, and other fraudulent conveyances," a suit by one within the time prescribed, if prosecuted to a successful termination, inures to the benefit of all the creditors, whether they sue or not.

2. INFANT'S RIGHTS NOT LOST BY LACHES.—It will not be assumed that an infant has waived or abandoned a right by a simple failure to assert it. He will not be presumed to have rejected the benefits of a legal assignment under the act of 1856 by his failure to present his claim in a proceeding in which the estate of the debtor is being distributed among his creditors.

INSTANCE.—A conveyance being held fraudulent under the act of 1856, and the debtor's property sold and distributed among his creditors who presented their claims, four years afterward the debtor's ward, whom he owed as guardian, having arrived at age, brought suit against certain of the creditors to compel them to contribute to the payment of her preferred claim, which had not been asserted or paid in the former distribution. *Held*, that

The creditors must contribute *pro rata* to the payment of her claim; but if some are insolvent or non-resident, it will not increase the liability of the others.

*Limitation of five years* began to run from the time the creditors actually received the money distributed to them.

3. *If a person under no disability should fail to appear and prove his debt*, there would be strong reasons for holding that he had either abandoned his right or had refused to accept the assignment declared by law for his benefit; and if not conclusively barred, the *onus* would certainly be upon him to account for his silence on some satisfactory hypothesis inconsistent with his presumed abandonment of any claim to share in the distribution.

RUSSELL & AVRITT, . . . . . . . For Appellants,

CITED

Bigelow on Estoppel, pp. 10, 160.     Act of March 10, 1856.

W. B. HARRISON,  } . . . . . . . . For Appellees,
R. H. ROUNTREE,  }

CITED

Civil Code, secs. 467, 469, 470, 120, 35, 40.
Revised Statutes, 1 Stanton, pp. 556, 509, 555.
Loughborough's Digest, pp. 240, 241.
Herman on Estoppel, pp. 48, 49, 103.
4 Binn. 11, Heller v. Jones.        22 Barb. 278.
34 Penn, 223.                       9 Pick. 139.
14 Johnson, 572.                    3 Sneed, 252.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

In December, 1865, certain creditors of James Crowdus brought a suit in equity in the Marion Circuit Court against him for the purpose of having it adjudged that a certain conveyance theretofore made by him to another creditor in satisfaction of that creditor's debt against him operated under the act of 1856, entitled "An act to prevent fraudulent assignments in trust for creditors, and other fraudulent conveyances" (1 Revised Statutes, 553), to transfer and assign all the estate and effects of the said Crowdus for the benefit of all his creditors, and to have his estate sold and distributed according to the provisions of that act.

Such proceedings were had that a judgment was rendered as prayed for. The cause was then referred to the master commissioner to hear proof and report the debts of Crowdus. The commissioner made report of all the debts produced to him; and on the 7th day of March, 1868, a *pro rata* distribution of the whole fund was ordered to be made among the creditors whose debts had been reported; but no distribution was in fact made until some time in the year 1869.

On the 11th day of March, 1873, this suit was brought by the appellants, Roberts and wife, against a part of the creditors to whom the proceeds of the estate of James Crowdus had been distributed. They alleged, in substance, that Crowdus was the father and statutory guardian of Mrs. Roberts,

and that he had received as guardian large sums of money belonging to her; that he had departed this life; and after applying all the assets of his estate over and above funeral expenses and costs of administration toward satisfying his indebtedness to her, there remained due about the sum of $1,000.

They further alleged that while the proceedings against James Crowdus were pending Mrs. Roberts was an infant, and that she was not a party to the suit, and her debt was not presented or allowed, and that under the provisions of the act *supra* she was entitled to have her entire demand against her guardian paid out of his estate before any part of it could be lawfully distributed to the common creditors, and they prayed for judgment against the defendants, in proportion to the amount received by them respectively, for a sum sufficient to satisfy the balance of the debt due to her.

They failed to make parties several of the creditors who had shared in the distribution of the estate, but alleged that they were either non-residents of the state or insolvent.

Because these creditors were not also made parties the defendants demurred to the petition, on the ground that there was a defect of parties to the action; but their demurrer was overruled. On a final hearing the court dismissed the petition, and Roberts and wife have appealed.

The following facts are established by the record:

1. That James Crowdus was the statutory guardian of Mrs. Roberts, and as such received a considerable sum of money for her, about $1,000 of which has never been accounted for to her or to any one for her.

2. That Crowdus died insolvent.

3. That Mrs. Roberts was not a party to the suit under the act of 1856 against her guardian.

4. That she was an infant at the time the judgment was rendered finally settling the rights of James Crowdus's cred-

itors as to the distribution of his estate, but that she was married before that time, and that her husband was an adult at the time of their marriage.

5. That the creditors who received a part of the estate of Crowdus and are not sued are either insolvent or non-residents of the state.

Whether, in view of these facts, the creditors of James Crowdus who are sued can be compelled to contribute out of the money received by them from the estate of the guardian toward satisfying the demand due to Mrs. Roberts from her late guardian must depend upon the proper construction of the act under which his estate was distributed.

The first section of the act provides "that every sale, mortgage, or assignment which shall be made by debtors in contemplation of insolvency, and with the design to prefer one or more creditors to the exclusion in whole or in part of others, shall operate as an assignment and transfer of all the property and effects of such debtor, and shall inure to the benefit of all his creditors, except as herein provided, in proportion to the amount of their respective demands, including such as are future and contingent," etc.

The second section provides that all such transfers shall inure to the benefit of creditors generally, subject to the control of courts of equity, upon the petition of any person interested, filed within six months after the recording of such transfer or the delivery of the effects transferred.

The third section provides that suits and proceedings under the act, as to the mode of proving claims and otherwise, shall be conducted as suits and proceedings for the settlement of the estates of deceased persons are required to be conducted, so far as the same are applicable.

Section 7 provides that "in the distribution of the assets of any debtor, as provided in section 2, debts due as guardian, or administrator, or executor shall have priority."

It is insisted by counsel for the appellees that under sections two and three of the act it is necessary, in order that a creditor may share in the assets of a debtor which are being administered under the act, that he shall come into the suit while it is pending and prove his debt, and that if he fails to do so he is not entitled to any benefits under the act, and that in this respect the statute makes no saving in favor of infants.

The statute is silent as to what shall be the effect of the failure of a creditor to come in and prove his debt; but it is argued that as the suit as to the mode of proving claims and otherwise is to be conducted as suits for the settlement of the estates of deceased persons, we should look to the statutes regulating such proceedings in order to determine the effect of the failure of the creditor to come in and assert his claim; and as that statute does not after an estate has been finally settled make a creditor who has been paid liable to one who neglected to prove his debt in the required time and designated mode, a creditor who has received his debt or a part of it under the act of 1856 can not be compelled to contribute to one who did not come forward to assert his rights before the final settlement of the estate.

Whatever may be the rule in regard to the estates of deceased persons, we are of the opinion that the rule contended for can not apply to this case. Under the first section of the act the conveyance made by Crowdus, which was made the foundation of the suit against him, operated to transfer all his estate for the benefit of all his creditors, subject to be defeated by the failure of all to sue within the time prescribed by the second section. But one or more of the creditors having sued within the prescribed time and prosecuted the suit to a successful termination, the transfer became absolute and indefeasible, and each creditor, whether he sued or not, had a vested interest to the same extent as if he had sued. It results there-

fore that Mrs. Roberts, as the ward of the debtor, had a right to be paid out of his estate to the exclusion of all creditors not belonging to one of the classes preferred by the statute, and she still has that right unless she has lost it by some act or omission of herself or some one for whose acts or omissions she is responsible. The fund produced by the sales of property and collection of the assets of the debtor belonged to his creditors jointly, and unless Mrs. Roberts has in some way lost her right to be paid out of it, each creditor to whom it was distributed received a portion of the money to which she was entitled, and the law will imply a promise to repay it to her.

The only ground upon which she is supposed to have lost her right is that she failed to present and prove her claim before the master. The statute does not declare that such failure shall forfeit her right, and as it appears that she was then an infant it can not be assumed from her failure to come into the suit that she abandoned her rights or refused to accept the benefit of the provision made for her by the statute. It can not be maintained that an infant has waived or abandoned a right by a simple failure to assert it; nor can we conclude that there was an intention to reject the benefits of the legal assignment or abandon the rights of the wife because the husband did not assert those rights at the earliest practicable moment. It does not appear what length of time elapsed between Mrs. Roberts's marriage and the final judgment settling the rights of Crowdus's creditors in the distribution of his estate, or that either the husband or wife knew of the pendency of the suit or of the existence of her debt against her guardian.

We are therefore of the opinion that she did not lose her right by failing to appear and assert it in the creditors' suit.

If a person under no disability should fail to appear and prove his debt there would be strong reasons for holding that

he had either abandoned his right or had refused to accept the assignment declared by law for his benefit, and if not conclusively barred the *onus* would certainly be upon him to account for his silence upon some satisfactory hypothesis inconsistent with his presumed abandonment of any claim to share in the distribution.

It is next insisted that as Mrs. Roberts's father and guardian was a party to the suit it was his duty to assert her claim for her, and that he having failed to do so she should be held to be barred.   We do not concur in this view.   James Crowdus was a party in his individual and not in his official capacity; but if he had been a party as guardian his ward, not being a party, could not have been prejudiced by his failure to assert her rights against himself.   The right was in her and not in her guardian.

Whether in suing the appellees jointly there was a misjoinder of parties was not made a question in the circuit court, and it can not therefore be made in this court.   The objection being waived by a failure to make it before answer, there was not a defect of parties.

The liability of the appellees is several, and even if it had been a joint liability of all the creditors of Crowdus the appellants had a right to sue a part.   (Section 39 Civil Code.)

Each creditor is liable only for his *pro rata* of the appellants' demand, and if some are insolvent or non-resident it is the misfortune of appellants, and can not enlarge the liability of those who are solvent and resident.   Their liability rests on the fact that they each received money that belonged to Mrs. Roberts, and each must answer in proportion to what he received, and for that alone.

The appellants' right of action did not accrue against the appellees until they actually received the money distributed to them, and as five years from that time had not elapsed when this suit was commenced the statute of limitation is unavailing.

The judgment is reversed and the cause is remanded with directions to ascertain the amount for which each of the appellees is liable, and to render a separate judgment against each for the amount for which he or she is liable according to the principles of this opinion.