BELLE R. HOOSER *v.* J. H. HOOSER.

[Kentucky Law Reporter Vol. 3—796.]

**Liability of Administrator.**

Where an administrator has knowledge of the existence of a valid
claim or judgment against the estate he represents and still distributes
the estate to the heirs without requiring refunding bonds, he is
liable and may be held as responsible as if the assets were in his
hands. If he has acted in good faith he may recover of the dis-
tributees whatever sums he may be compelled to pay on such claim.

APPEAL FROM TODD CIRCUIT COURT.

May 26, 1882.

OPINION BY JUDGE HINES:

Appellant instituted action on a note for $1,802.37, against ap-
pellee, as administrator of G. W. Hooser, obtained judgment,
which was affirmed on appeal to this court. Appellant then insti-
tuted this suit against the administrator, charging devistavit.
Appellee admits that there has been a large surplus of the estate
which he had distributed to the heirs without requiring a refunding
bond, but says there ought not to be any judgment against him,
for the reason that he had been misled by appellant to believe the

debt had been satisfied, and it was under that belief that the estate had been distributed. He alleges that appellant held a note against Daniel Hooser for about $1,800, which she induced his decedent, G. W. Hooser, to take up and to execute to appellant his own note in lieu thereof, which is the note sued on; that it was agreed between appellant and G. W. Hooser that he should take a mortgage from Daniel Hooser to secure himself; that appellant was to look to the mortgaged property for her debt and G. W. Hooser was not to be held personally liable on his note to appellant; that after the death of G. W. Hooser and pending the suit to foreclose the mortgage from Daniel to G. W. Hooser, in order to carry out the first agreement, appellee agreed with the appellant that he would buy the mortgaged land for appellant and that she was to take the land (after paying a prior lien) in discharge of her debt; that he did buy the land for her and she took possession of the land, surrendered the note to G. W. Hooser, but subsequently induced him to return to her the note; and that appellant did not repudiate the agreement until after she had been in possession of the land some two or three years, and in the meantime he had distributed the assets. The court below refused to give a personal judgment against the appellee, but directed that the land be sold to pay the debt and adjudged that appellant be charged $400 for the use of the land. From that decree appellant appeals, and insists that she ought not to be charged with rent and that she is entitled to a personal judgment against appellee.

The first judgment is conclusive as to the liability of the estate, but not as to the personal liability of appellee. He may make any defense affecting his personal liability that does not go to affect the liability of the estate. He was a party to the first suit, although in a different capacity, and had an opportunity to make, and it was his duty to make, any defense for the protection of the estate and of himself that would exonerate the estate. The only question then is, Has there been any wasting of the estate, or is appellant, by reason of the agreement with appellee, estopped to look to appellee for the satisfaction of her claim? We think the evidence does not authorize the raising of an estoppel as against appellant. Appellee testifies that the agreement was made with appellant's husband, and there is no sufficient evidence of agency on the part of the husband, nor was the conduct of appellant such as to authorize the conclusion

on the part of appellee that the debt was satisfied by the pur-chase of the land. Appellee having acted under an erroneous belief not authorized by the conduct of appellant, and having distributed the estate without requiring refunding bonds, he ought to be held as responsible as if the assets were in his hands. If appellee has acted in good faith in these transactions he may recover of the distributees whatever sums he may be compelled to pay to appellant on her claim.

It was error to allow appellee credit by the rent. As we have seen, the agreement in regard to the land was with the husband of appellant, and to charge the rent to appellant would in effect be to compel her to pay her husband's debts out of her separate estate. Judgment *reversed* and cause remanded with directions to enter judgment against appellee for the amount of appellant's claim that may remain unsatisfied by the sale of the land.

*Ben T. Perkins, Jr., for appellant.*

*H. G. Petrie, W. L. Reeves, for appellee.*