## Marble, et al. v. Husbands, Receiver.

(Decided November 7, 1919.)

### Appeal from McCracken Circuit Court.

1. Receivers—Employment of Attorneys—Power of Receiver.—While a receiver usually selects his own counsel, he cannot make any contract of hiring or agreement for compensation that is binding upon the court, for it is the function of the court to determine both the necessity for counsel and the compensation to be allowed.

2. Receivers—Allowance for Attorneys' Fees—Reasonableness.— While evidence relative to fees of counsel for a receiver may be admitted for the purpose of informing the court as to what is just and reasonable under the circumstances, the court is not bound by the opinions of attorneys, but may review the character, extent and results of the legal services performed, and determine for itself what is a reasonable fee.

3. Receivers—Allowance for Attorneys' Fees—Reasonableness.—The character, extent and result of the services of the attorneys in a building association receivership, in recovering from the sureties of the assignee of the association, considered, and held that an allowance of a fee of $3,600.00 was sufficient.

J. G. HUSBANDS and WM. MARBLE for appellants.

GIP HUSBANDS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On June 27, 1899, the Paducah Building & Trust Company made an assignment for the benefit of creditors. The assignee accepted the trust and executed bond in the sum of $10,000.00 with the Fidelity & Deposit Company of Maryland as his surety. In March, 1901, the assignee was required to give other surety on his bond, and thereupon the Aetna Indemnity Company became his surety on a bond for $10,000.00. The assignee then instituted an

action in the McCracken circuit court for a settlement of the trust. In December, 1903, the assignee was removed and Gip Husbands was appointed receiver, and the assignee was directed to turn over to the receiver all the undistributed property of the corporation. This the assignee failed to do, and thereupon the receiver, by direction of the court, brought suit against the assignee and his sureties to recover a large sum of money. Pending this action the assignee died, but the suit was prosecuted against the sureties and in 1909 a judgment was rendered against them for $3,365.74, with interest from December 23, 1903. On appeal by the receiver the judgment was reversed and the cause remanded with directions to refer the case to a master commissioner to report the assets that came into the hands of the assignee and the disposition made of them. Husbands v. Fidelty & Deposit Co., 144 Ky. 93, 137 S. W. 855. Upon the return of the case a commissioner was appointed who filed a report to which exceptions were sustained because the report was prepared by one of the attorneys and only signed by the commissioner. Another report was filed, which allowed certain credits and the exceptions were overruled. On final hearing, a judgment for $8,317.13 was rendered against each of the sureties. From this judgment the Fidelity & Deposit Company of Maryland appealed, and the receiver prosecuted a cross-appeal. On the original appeal the judgment was affirmed, and on the cross-appeal the judgment was reversed with directions to award the receiver six per cent. interest on the amount of recovery, from the filing of the petition instead of from the rendition of the judgment. Fidelity & Deposit Co. v. Husbands, 174 Ky. 200, 192 S. W. 51. On the return of the case judgment was rendered in conformity with the mandate, and the Fidelity & Deposit Company paid the amount recovered, which, together with damages and interest, was about $17,000.00.

Messrs. Marble and Husbands, who represented the receiver, asked the court to allow them a fee of $7,000.00. Evidence was heard and the court fixed their allowance at $3,600.00. The attorneys appeal.

On the hearing it was made to appear that the receiver had employed J. G. Husbands and the firm of Hendrick, Miller & Marble to represent him in the suits against the sureties. The first judgment against the sureties was for $3,365.74. At the time of the rendition of this judgment Mr. Marble had retired from the firm

of Hendrick, Miller & Marble, and neither he nor Husbands was present. The other attorneys regarded the judgment as a finality, and no thought of prosecuting an appeal therefrom was entertained. Conceiving that the judgment was too small, Messrs. Marble and Husbands recommended to the receiver that an appeal be prosecuted, with the understanding that they would charge nothing for their services unless the amount of recovery was increased, and that if it was increased the court should fix a reasonable fee. Pursuant to this agreement they succeeded in reversing the first judgment and also the second judgment on the cross-appeal. The case was difficult and complicated, and the work which they performed was hard and laborious, and extended over a long period of time.

Several attorneys testified as to the value of the services performed. One fixed $7,500.00 as a reasonable fee, another, $7,000.00, another, one-third of the amount recovered, and still another, one- half of the amount recovered. The record also showed that upon the rendition of the first judgment, the firm of Hendrick, Miller & Marble was allowed an attorneys' fee of $1,200.00.

It is insisted that in view of the contingent character of their fee and of the uncontradicted evidence as to what was a reasonable charge under the circumstances, the court erred in disregarding the evidence and fixing the fee at only $3,600.00. It must be remembered, however, that while a receiver usually selects his own counsel, he cannot make any contract of hiring, or agreement for compensation that is binding upon the court, for it is the function of the court to determine both the necessity for counsel and the compensation to be allowed. 23 R. C. L. sec. 148, p. 138. It is likewise the rule that while evidence relative to fees of counsel may be admitted for the purpose of informing the court as to what is just and reasonable under the circumstances, the court is not bound by the opinion of attorneys, but may review the character, extent and results of the legal services performed and determine for itself what is a reasonable fee; Stockholders v. First State Bank's Receiver, 159 Ky. 484, 167 S. W. 678; and this was the plan adopted by the court below. It is true that in personal injury cases we have approved contracts for fees equal to one-half of the sum recovered, even where infants were concerned, but these rulings were based on the fact that such was the customary and usual fee in actions of that character; but we are not inclined

to apply the same rule to actions brought by a receiver, even though the attorneys were willing to do without a fee unless their services resulted in a recovery. Here, the appellants were the attorneys for the receiver when the original judgment was rendered. If they in good faith believed that a greater sum could be recovered, they would have been remiss in their duty had they failed to advise the receiver to prosecute an appeal. Having performed this duty, and having induced the receiver to prosecute an appeal, we perceive no reason why their services should be regarded as a separate and independent undertaking rather than a part of the original employment. Under this view, the case is simply one where the original attorneys materially increased the recovery by means of an appeal, which it was their plain duty to prosecute. While the result was uncertain, the uncertainty was no greater than is usual in such cases. While the attorneys are to be commended for their fidelity, their persistence and the wisdom of their advice, as well as for the ability with which they handled the case, yet after it was determined on the first appeal that the burden was on the assignee and his sureties to account for assets which the assignee's settlements showed had been received by him and not been disposed of, the case was one calling for the services of a careful commissioner rather than for the skill of an experienced attorney. Looking at the case in this light, we conclude that although the attorneys succeeded by the appeals and subsequent proceedings in adding almost $17,000.00 to the original judgment, an allowance of $3,600.00, which was more than twenty per cent. of extra recovery, was amply sufficient for the services performed.

Judgment affirmed.