## Payne, et al. v. Auxier, et al.

(Decided November 10, 1925.)

### Appeal from Scott Circuit Court.

1. **Pleading—Pleading of Distributee of Estate Held an Election on Her Part to be Charged with Amount of Note Executed by Testator.**—In suit to settle an estate, pleading of distributee, denying

that note executed by testator constituted an advancement to her, but agreeing that, if note was paid out of testator's estate, she should be chargeable with amount thereof, was an election on her part that she should be charged therewith, where pleading was not controverted, and never withdrawn, and note and interest were paid out of estate, notwithstanding that suit was filed away without adjudicating that question.

2.. Executors and Administrators—Distributees of Estate Held Entitled to Interest on Deficiency in their Distributive Share Because of Advancements to Others During Period of Postponement from Original Distribution.—Where distributee in settlement of estate received an amount in excess of that received by other distributees, latter held entitled to receive interest on amount of deficiency during period of postponement from time of original distribution.

3. Executors and Administrators—Court's Object in Settling Estate is to Secure Equality in Distribution.—Object of courts in settling an estate is to secure equality in distributions.

W. E. DARRAGH, H. E. ROSS and JAMES BRADLEY for appellants

BRADLEY & BRADLEY and FORD & FORD for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS— Affirming.

J. W. Nutter died intestate in the year 1896, the owner of 200 acres of land in Fayette and of 110 acres in Scott county. In September of that year the administrator of his estate filed a suit in equity for a settlement, alleging that testator had advanced the sum of $5,000.00 each to his son Leslie and to his daughter, Anna Nutter Payne, and further alleging that it would be necessary to sell his real estate to pay his debts and asking that a sufficiency of this be sold for that purpose; also asking that dower be assigned to the widow in the Scott county lands.

Leslie Nutter answered, admitting the advancement, and Anna Nutter Payne answered thus: "She denies that her father advanced to her the sum of $5,000.00 on the purchase of a house and lot for her in Lexington, Ky. She says he only advanced to her the sum of $3,500.00 and she executed her note to the person from whom said house and lot was purchased for the balance due therein, viz., the sum of $1,500.00. She says if that sum is paid out of her father's estate, he being security on said note, then she should be charged with $5,000.00, the amount that said house cost, but if she is compelled

to pay the same she should be charged with only $3,500.00.''

She prayed for the cause to be referred to the master commissioner to take proof and report to the court the amount of the advancement made by the testator to each of his children. The other heirs of the testator filed answer reiterating the allegations as to advancements to Leslie and Anna and alleging that the Fayette county tract of land was indivisible and asking that it be sold for distribution, which was ordered to be done. The note executed for the deferred payment on the residence of Anna and signed by her and by her father as surety was presented by the holder, Robert Matthews, as a claim against the estate, was allowed together with interest and was paid by the administrator. After paying the debts of deceased the residue of the proceeds of the sale of the Fayette county lands was divided among the heirs to whom no advancements had been made, the amount each received being less than $3,200.00, and the case was filed away without any judgment being entered determining the question of advancements. Anna Payne died during the pendency of this action.

The widow of J. W. Nutter was assigned 88 acres of the Scott county land as dower, leaving 20 acres thereof to his heirs. In September, 1899, the other heirs filed a suit in equity in the Scott circuit against Leslie Nutter and William and John Payne, infant children of Anna Payne, deceased, for the sale and distribution of this land among the plaintiffs, it being alleged that the defendants, Leslie Nutter and Anna Payne, had each received $5,000.00 advancement from their father during his lifetime. No answer or report of guardian *ad litem* was filed for the infants and judgment was entered in accordance with the prayer of the petition and the subsequent proceedings were in accordance therewith. This cause was filed away on the 23rd day of October, 1903.

Mrs. J. W. Nutter departed this life in the year 1923, and in April thereafter this suit was filed against William Payne and John F. Payne, Jr., sons of Anna Payne, deceased, by some of the heirs of J. W. Nutter for the sale of the 88 acre dower tract and division of the proceeds, the same allegations being made as to the advancements to Leslie Nutter and to Anna Payne as had been made in the previous actions, it appearing that Leslie Nutter had admitted this charge by executing a quit-

claim deed to the plaintiffs for any interest he might have in the land.  Defendants other than William and John Payne answered, adopting the averments of the petition and setting up the answers of Anna Payne in the settlement suit as set out above; and relying on this answer as an election upon the part of Anna Payne to have the amount thus paid out of her father's estate and charged to her either as an advancement or as a portion of her distributable share.  The defendants, William and John Payne, answered, traversing the various pleadings, and also alleging that their mother was principal on the Matthews note and her father was surety; that upon the payment of that note by the estate it acquired a claim against her for the amount so paid; that this was a legal claim due by the principal to the surety who had paid the debt, and was in no sense an advancement or charge upon her distributable share, and upon this they pleaded the five-year statute of limitation.  The learned circuit judge found against the defendants and they appeal.

As the settlement suit was stricken from the docket without adjudicating this question there is no judgment which can be pleaded in bar.  Likewise under the condition of the record it cannot be said that the judgment in the suit to sell the 20 acres of land is *res judicata*.  According to their own claims appellants would be chargeable with an advancement of $3,500.00 with interest from the date of the distribution of the estate, and it appears that the proceeds of those sales were not sufficient to raise the total distributable shares of the others to that sum.

It may be conceded that J. W. Nutter was only a surety on the Matthew's note and that the payment of that note out of his estate would not constitute advancement.  It may further be conceded that ordinarily such payment would create an indebtedness to the estate by the principal on the note which could be enforced by suit and upon which the statute of limitation would run. Jones v. Jones, Exor., 198 Ky. 756.  But this case is different.  Here an issue was raised in the settlement suit as to whether the execution of that note by J. W. Nutter constituted an advancement to Anna Payne.  In her answer she denied that it did, and asserted that if she was compelled to pay the note she should be charged with only $3,500.00; but agreed that if the note was paid out of her father's estate that she should be chargeable with

the amount thereof, naturally meaning that the amount so paid should be treated as an advancement. This pleading was not controverted and was never withdrawn. Under it the note and interest were paid out of the estate. Clearly the court and parties were treating this as an advancement and did not contemplate that it should create a debt against Anna Payne. True the suit was filed away without adjudicting that question, but the pleading mentioned was an election upon the part of Anna Payne and binding upon her heirs, so that whether this payment is regarded as a prepayment of her distributable share or is treated as a regular advancement she is clearly chargeable therewith.

The court found that, in the original distribution in 1898, the appellants' mother received $1,732.59 in excess of the amount received by any other distributee, and provided in his judgment that the other distributees should be equalized with appellants by being paid that sum with interest from the date of the former distribution before appellants were entitled to participate in this distribution. In this the chancellor was correct. The object of the courts in settling an estate is to secure equality in distribution. Whether the overplus paid Anna Payne is treated as a statutory advancement or an advancement to her of her distributable share of the estate, it had been fully received at the time of the original distribution and has since been enjoyed by her and her children while the right of the other distributees to their part of the estate has been postponed to this time. And it is equitable and just for them to receive interest on the deficiency during the period of such postponement.

On the whole case, perceiving no error, the judgment is affirmed.