## Johnson et al. v. Dodd's Administrator.

## Same v. J. W. Jay & Company.

## Pendleton v. Dodd's Administrator.

(Decided March 24, 1931.)

HESTER & STAHR for appellants.

W. B. AMBERG and KING DAVIS for appellee in Johnson v. Dodd's Adm'x.

W. J. WEBB, ROBERT E. WEBB, and WEBB & WEBB for appellees in Johnson v. J. W. Jay & Co. and Pendleton v. Dodd's Adm'x.

OPINION OF THE COURT BY JUDGE RICHARDSON— Affirming in part and reversing in part.

In May, 1925, Russell A. Johnson died intestate in Fulton county. Goalder Johnson qualified as administrator of his estate by executing bond with Nell D. Johnson as his surety. Suit was filed by W. A. Dodd, in September, 1927, to settle the estate of Russell A. Johnson. The cause was referred to a special commissioner to ascertain and report the debts against the estate of the decedent. The commissioner made two reports which disclosed that the estate was insolvent, that the administrator had paid $40,366.95 in settlement of certain claims, leaving a large number of claims unpaid. The claim of appellant,

J. W. Jay & Co., was reduced to judgment in United States court, April 11, 1928, and was reported by the commissioner in the suit to settle the estate of Russell A. Johnson. It filed no exceptions to the reports of the commissioner. Three terms of court later J. W. Jay & Co. filed a cross-petition against the appellant and the creditors of the estate of Russell A. Johnson, who had been paid by the administrator more than they were entitled to, had the estate of decedent been prorated among all the creditors. In this pleading J. W. Jay & Co. sets out the amount so paid to each creditor and their names. It asserts that the only available assets at that time which could be applied to the unpaid debts of the decedent were the proceeds of certain real estate. To pay all the debts of the decedent, taking into consideration the amount which had been paid by the administrator on the debts against the estate, excluding the claim of $13,495 of Nell B. Johnson, the sum of $33,530.41 would be required. The assets of the estate, without considering her claim, would pay around 75 cents on the dollar; with her claim it would pay around 62 cents on the dollar. The claims which had theretofore been paid exceeded their pro rata by 25 cents on the dollar, without considering her claim, and considering it, with all other claims including J. W. Jay & Company, they were overpaid by 38 cents on the dollar.

The trial court recites in the judgment rendered that the total personal estate of decedent amounted to $40,366.95. That the total indebtedness of the estate including the claim of J. W. Jay & Co. was $75,397.36. The real estate of decedent sold for the sum of $2,930.42, which, when added to the personal estate, aggregated $43,307.37. The court found that the estate of decedent was insufficient to pay his indebtedness, and when prorated it would pay only 57.4 per cent. of all his indebtedness. J. W. Jay & Co. received from the commissioner, October 5, 1929, $1,314.82. Its pro rata part or 57.4 per cent. of its debt and costs, amounted to $3,590.06. It was entitled to this amount subject to a credit of $1,314.82, leaving due this company, from the estate of decedent, $2,951.57. Judgment was rendered for this amount in favor of J. W. Jay & Co. on the bond of the administrator Goalder Johnson and his surety, Nell B. Johnson.

In the action of W. A. Dodd v. Nell D. Johnson, etc., judgment was rendered on the 12th day of April, 1928, in favor of W. A. Dodd for $10,044.12, with interest from October 1, 1927, and costs. The judgment recites that it was rendered "without prejudice to the rights of any party to any other cause of action set out in plaintiff's petition or relief therein sought and for further orders." W. A. Dodd died during the pendency of the action. Fannie Dodd was appointed administratrix of his estate. As such on the 14th day of April, 1930, she filed an amended petition, seeking to recover judgment on the bond of Goalder Johnson, as administrator of the estate of Russell A. Johnson, and Nell D. Johnson, as his surety thereon. She alleges that, per the settlement filed in the action, the estate of the decedent Russell A. Johnson was $45,704.38 personal estate, and $1,500, proceeds of the sale of his real estate. She alleges that the estate of his decedent was insolvent; that the administrator had paid some claims in full, leaving others unpaid; that the estate of decedent, if prorated among his creditors, would pay 62 cents of the dollar; that there had been paid on the claim of her decedent 38 cents on the dollar, leaving a balance of $4,455.84, unpaid; that at the time he so paid the debts of decedent he knew of the debt of her decedent and the amount thereof, and that this was a breach of his bond. She set out the execution of the bond, its terms and provisions, and sought a recovery against him and his surety on his bond as administrator. Judgment was rendered wherein the disbursement of the estate is recited as heretofore stated in the statement relating to the debt of J. W. Jay & Co., and adjudged that the pro rata of her debts against the estate of Russell A. Johnson was $3,165.30, the amount to which her decedent's estate would have been entitled when correctly prorated, allowing credit by the amount which had been paid on it. Judgment was rendered accordingly against Goalder Johnson and Nell Johnson, as surety on his bond.

Mrs. W. T. Pendleton, for her own use and for the benefit of the other creditors of Russell A. Johnson's estate, on September 23, 1927, filed a petition to be made a party to the suit to settle the estate of Russell A. Johnson, wherein she alleged that Russell A. Johnson and Goalder Johnson executed and delivered to her a note,

dated December 31, 1924, whereby they agreed to pay her, twelve months after date, $1,120. Subsequently, she filed an amended petition, answer, counterclaim, and cross-petition, wherein she alleged that the estate of Russell A. Johnson was insolvent; that it would not pay over 53.7 cents on the dollar; that by mistake or oversight his administrator, Goalder Johnson, had paid out the estate of Russell Johnson in his hands to certain creditors on certain claims, the names and amounts of their claims were given in her pleading. She asked in her pleading that it be taken as a cross-petition against the named creditors, and that they be required to answer and to account in this action, in the settlement of the estate of Russell A. Johnson for the amounts paid to each of them by the administrator, in excess of their pro rata, and that the excess when returned by them be apportioned among the creditors of Russell A. Johnson, who may be adjudged entitled thereto on their respective claims. She also sought and asked judgment against Goalder Johnson on his bond as administrator, and Nell D. Johnson as his surety. A motion to require her to elect was sustained, and, on being so required to do, she elected to assert her cross-petition against the creditors. Thereupon B. G. Gabby, D. L. McNeill, as executor of Dora E. Fuqua, deceased, R. L. Bradley, and Mrs. W. A. Dodd, administratrix of W. A. Dodd, deceased, each filed a special and general demurrer thereto. The court overruled the special, but sustained the general demurrers. Mrs. Pendleton failed to plead further. Thereupon her cross-petition against the creditors was dismissed, with costs. Goalder Johnson and Nell Johnson saved an exception to the judgment against them in favor of J. W. Jay & Co., from which they appeal. Goalder Johnson and Nell Johnson excepted to the judgment against them in favor of Mrs. Dodd, as administratrix of W. A. Dodd, deceased, from which they appeal.

Mrs. W. T. Pendleton excepted to the judgment dismissing her cross-petition, and she appeals. On motion, these appeals are tried and heard together on the same record. The question involved in the cases of J. W. Jay & Co. and Mrs. W. A. Dodd is identical and will be so considered and disposed of. It is insisted that, inasmuch as the master commissioner under orders of the court settled with Goalder Johnson as the administrator of the estate of Russell A. Johnson, deceased, and that

neither J. W. Jay & Co. nor Mrs. Dodd, as administratrix, filed exceptions thereto, they cannot now complain, and that, by reason thereof, they are estopped from a recovery on the bond of the administrator. It is insisted that J. W. Jay & Co. failed to prove and file its claim with the master commissioner until October 1928, that it is not entitled to recovery on the bond of the administrator; that J. W. Jay & Co. sought also to recover from the overpaid creditors, and, by reason thereof, it is estopped from recovering on the bond of the administrator. As against Mrs. Dodd, it is insisted that the administrator had been appointed for more than two years and had paid out all the assets of the estate on properly proven claims before her claim was presented, and that by reason of section 3855, Ky. Statutes, she cannot recover. It is also insisted that section 186d-1, Ky. Statutes, requires the county court to fix the amount of the bond of the administrator, and that Mrs. Dodd failed to fill the blank in her pleading, stating the amount for which the bond was given. It may be stated here that the question of the failure to fill a blank in a pleading may not be raised for the first time in this court. Doubtless, if the trial court's attention had been called to this, by motion to fill the blank, it would have required her to fill it. Moreover, the failure to fill such a blank in a pleading is not a ground for special or general demurrer.

It is alleged that the administrator paid the creditors of his decedent, not under an order of court in the case, but of his own volition, and without the advice of the chancellor.

Section 3868, Ky. Statutes, sets out the duty of an administrator of an insolvent estate. If the personal estate of the decedent is not sufficient to pay his liabilities, it requires him to recognize all unsecured claims of equal dignity, and to pay them ratably, and provides that he shall receive no credit for the payment to any creditor for more than his ratable share. It is alleged to whom he had paid out the estate and the amount paid. It presented a prima facie disregard of this provision of the statute by the administrator. One purpose of the law in requiring him to execute bond with surety is to protect the creditors from his negligent discharge of his statutory duty. Com. to use, etc., v. Barstow, etc., 3 B.

Mon. 292; Pope v. Wickliffe, 7 T. B. Mon. 412; Place v. Oldham's Adm'r, 10 B. Mon. 401; Gregg v. Boude, 9 Dana. 344; Hooser v. Hooser, 3 Ky. Law Rep. 796; Harpending's Ex'r v. Daniels' Ex'r, 11 Ky. Law Rep. 858; Hill's Ex'r v. Mayes' Guardian, 117 Ky. 877, 79 S. W. 276, 25 Ky. Law Rep. 2023; Foster v. Foster, 71 S. W. 524, 24 Ky. Law Rep. 1396.

In addition to the statute, supra, requiring the debts to be paid ratably in the settlement of an estate, section 428 of the Civil Code of Practice provides that, for six months after his qualification, the personal representative shall have exclusive right to file an action to settle the estate. Section 429, Civil Code of Practice, requires it shall be stated in the petition the amount of the debts of the decedent, the nature and value of his property, real and personal. Section 430 requires an order of reference be made to the master commissioner, and provides that the creditors shall appear before the commissioner and prove their claims as required by order of court. This order may be made in vacation, Civil Code of Practice, section 431. A creditor who appears before the commissioner and presents his claim thereby becomes a party to the action and is bound by the final judgment of the court allowing or rejecting it. Section 432, Civil Code of Practice; Heidrich v. Silva, 89 Ky. 422, 12 S. W. 770, 11 Ky. Law Rep. 645. If the suit is instituted and the Code provisions are complied with, then creditors failing to appear and prove their claims agreeable to such order shall have no claims against the executor or administrator who has actually paid out the estate in course of administration to the creditors, legatees or distributees. Section 433, Civil Code of Practice; Stull v. Davidson, 12 Bush. 167. A creditor in such action may file exceptions, or he may file a pleading, attacking any claim reported by the commissioner. Bailey's Adm'r v. Hampton Grocery Co., 189 Ky. 266, 224 S. W. 1067. It is only in case of final judgment that the creditor, under the Code provision, supra, is barred of his right of action against the administrator. It is his duty if it reasonably appears to the administrator that his decedent's estate is insolvent, i. e., his personal estate is not sufficient to pay his debts, to institute an action to settle his estate as authorized by the Code provision. It was a plain violation of the statutory duty of the administrator of

the decedent, if the estate was insolvent, to pay the creditors, except as provided by statute. His voluntary paying the debts and preferring some creditors over others was a disregard of his duty, amounting to a breach of his bond, such as entitled such creditors as were prejudiced thereby to recover of him and his surety on the bond an amount to which they were entitled, and which they would have received on their debts against the estate, but for his acts. A return of nulla bona was not required before suing on his bond. Emmerson's Adm'r v. Herriford, 8 Bush, 237.

As to the right of Mrs. Pendleton to bring before the court the creditors who had received on their debts from the administrator payments in excess of that to which they were entitled, it may be said that they did not receive same under the orders of the court, but by voluntary act of the administrator. Even if such creditors had received payments in excess of that to which they were entitled under an order of court directing it to be paid to them, on a discovery thereof by the court, by proper orders they could have been compelled to restore the excess of their ratable share to the commissioner of the court. Oliver & Dixon v. Braswell, 193 Ky. 297, 235 S. W. 724.

The overpaid creditors were not parties to the action by reason of the report of the commissioner of his settlement with the administrator, wherein it was reported that he had paid in full the claims of certain creditors, or reported other claims of other creditors of the estate as unpaid. It was therefore necessary that they be brought before the court in the action to settle the estate or be made parties thereto, to the end that the estate could be properly and completely administered by the court. Section 28, Civil Code of Practice. Under section 428 of the Civil Code of Practice any creditor of decedent has authority, after the expiration of six months from date of the qualification of the personal representative, to file an action to settle the insolvent estate of the decedent. While the original action in this case was filed by the Dodds, any other creditor of decedent who was not made a party had a right to become a party thereto, or, if he was made a party by the original petition, by proper pleading to have brought under the control of the court any other estate of decedent not set out

in the original petition and to ask that same be administered under proper orders of the court. This is the effect and purpose of the pleading of Mrs. Pendleton. In filing it she exercised the same right that section 428 of the Civil Code of Practice conferred on her, if no suit to settle the estate had been previously filed. The effect of her petition is the same as if it had been filed as an original petition to settle the estate of decedent, in so far as the overpaid creditors and the funds which she sought to have brought into court are concerned.

Inasmuch as the Civil Code of Practice requires all known creditors to be made parties to the petition to settle an estate, she should have been made a party by the original petition. Not having been made such party, she was entitled to become a party to the action by a proper pleading on her part, and to join in the plaintiff's prayer for relief, and to become a defendant with a right to file a cross-petition against any person who was interested in the estate, and not already a party thereto, or who had possession of any portion of the estate without legal right and to ask that he be required to account therefor in an action for its administration and distribution by the court. Section 29, Civil Code of Practice.

In this particular case she alleges "that she had called on the administrator to file a pleading against said overpaid parties and to require a refunding, but said administrator declined to do so." Even if this allegation were necessary on her part, it is found in her pleading.

If a personal representative overpays a creditor under a mistake as to the solvency of the estate, or otherwise, he may recover from such creditor the amount of the overpayment with interest thereon. Section 3877, Ky. Statutes.

If such personal representative refuses to take steps to recover of an overpaid creditor after being requested to do so by a creditor who has not been so paid, and he refuses, then such a creditor, who is prejudiced by his failure to do so, may file such action. Being a creditor of the estate, and deprived of her pro rata of the estate, she was entitled to become a party to the action to obtain relief against the acts of the administrator. He having refused to discharge his duty in this regard, the appellant Mrs. Pendleton was entitled to prosecute her cross-petition to require such overpaid creditors to account

for the overpayment, to the end that the estate of the decedent may be fully and ratably settled among the creditors in the action instituted for that purpose. The object of the courts in the settling of an estate is not only to secure equality, but to make certain that all creditors shall be paid ratably without preference. Payne v. Auxier et al., 211 Ky. 170, 277 S. W. 298.

If a debtor is insolvent and pays one of his creditors in contemplation of insolvency and with a design to prefer such creditor or creditors to the exclusion in whole or in part to the others, it operates as an assignment of his property and inures to the benefit of all of his creditors. Section 1910, Ky. Statutes. To permit the administrator of an insolvent estate to pay in full some of the creditors of his decedent, leaving others unpaid in part or in whole, and then deny such unpaid creditors the right to institute an action to recover of such overpaid creditors, the amount overpaid by the administrator, when the administrator refuses to sue after he is requested to do so, would be equivalent to permitting him to do that which his decedent is forbidden by law to do during his lifetime.

The judgments in favor of appellees, Mrs. Dodd and J. W. Jay & Co. are affirmed, and as to Mrs. Pendleton it is reversed for proceeding consistent with this opinion.