# Maynard v. Maynard's Adm'r.
# Maynard et al. v. Maynard's Adm'r et al.

(Decided June 20, 1933.)

(As Extended on Denial of Rehearing Dec. 5, 1933.)

248

STRATTON & STEPHENSON and J. H. ADKINS for appellants.

O. T. HINTON for Sowards Heirs.

CHILDERS & BOWLES and W. K. STEELE for Maynard's administrator.

J. H. ADKINS for N. C. W. Soward's heirs.

F. W. STOWERS for Claudie Kimberlin.

E. J. PICKLESIMER for Thornsberry.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming in part and reversing. in part.

Kentucky Maynard died intestate, a resident of Pike county, Ky., December 20, 1927, the owner of real and personal property of the appraised value of $164,-000, but of the actual value of $140,000. She died without issue, leaving A. J. Maynard, her husband, R. H. Sowards, a brother, the children·of one sister, and four brothers, as her only heirs at law. R. H. Sowards was appointed and qualified as administrator of her estate by the county court of Pike county. Her heirs resided in Kentucky, Oklahoma, and probably another state. Her estate consisted of United States government bonds, $66,000; stock in the First National Bank of Pikeville, $36,600; stock in the Ashland National Bank, $1,000; small tract of land in Lincoln county, Ky., a residence in the city of Pikeville, Ky.; and notes, accounts, judgments, and other evidences of indebtedness. The administrator assumed possession thereof, and within six months after his qualification paid to the collateral kin of Mrs. Maynard, $30,000. The bank stock, or the greater portion thereof, was distributed in kind. The administrator, by an ex parte petition, sold the government bonds, with the consent of the court, and accounted to the distributees for the proceeds. He claims that, while investigating the price of the government bonds and determining on the sale of same, he, with a banker from his home town, went to Cincinnati, Ohio, where they remained for a day or more. For this trip he charged the estate with the expenses. He went to Lincoln county to look after the small farm owned by the deceased. He procured a judgment of court to sell it, and accompanied the master commissioner to Lincoln county to attend the sale, when it was sold and bid in

by his wife. For the expenses of these trips he charged the estate. The residence owned by the deceased at her death was sold by the judgment of court, the proceeds collected and turned over to the administrator. During the period of administrator he instituted or defended, for the estate, some eighteen or twenty suits. He made a partial settlement with the county court of his accounts as administrator. This action was instituted by A. J. Maynard as the surviving husband to compel him to settle and distribute the estate. By an appropriate pleading his settlement with the county court was surcharged. The action was referred to the master commissioner to audit, state, and settle his accounts as administrator. He employed an accountant to audit for him his accounts as administrator; the audit by the accountant was adopted by the commissioner and reported to the court. Exceptions were filed to it and overruled by the court. The propriety of those rulings is presented by this appeal.

The master commissioner credited the administrator with $317.64, comprising items, $54.24, expenses to Cincinnati; $38.40 to Lincoln county; $25 to Whitesburg; $50 to Cincinnati; $50 to Lincoln county; $50 to Frankfort and Louisville; $50 to Lincoln county with W. W. Barrett. The expenses to Lincoln county were incurred by the administrator as a volunteer. Hamilton v. Nunn, 247 Ky. 715, 57 S. W. (2d) 655. The duties of his office of administrator did not require any services nor expenses connected with the real estate of the deceased. It is not shown that the expenses incurred by him in going to or returning from Whitesburg was connected with the business of the estate. It was unnecessary to sell the government bonds to pay debts of the decedent. Section 3854, Ky. Stats. He distributed the bank stock in kind. No sufficient reason is shown why he did not distribute the government bonds as he did the bank stock. It was entirely unnecessary to procure an order of court to sell the government bonds if they were susceptible of distribution in kind. It is a matter of general information that local banks have possession, and the daily papers give market quotations, of government bonds. It was neither necessary nor required of the administrator to make a trip to Cincinnati to obtain such information, nor to sell the bonds to effect the distribution of them. The court improperly

allowed the expenses incurred in going to Lincoln county, Whitesburg, and Cincinnati and a commission on the proceeds of the government bonds if they were distributable in kind. Reed v. Reed, 66 S. W. 819, 23 Ky. Law Rep. 2186; Morton's Ex'rs v. Morton's Ex'r, 112 Ky. 706, 66 S. W. 641, 23 Ky. Law Rep. 2079; Glover v. Check, 71 S. W. 438, 24 Ky. Law Rep. 1281; Douglas' Adm'r v. Douglas' Ex'r, 243 Ky. 321, 48 S. W. (2d) 11.

Section 3883, Ky. Stats., regulating the compensation of administrators does not contemplate a commission except such as is based on the value or amount of the personal property, administered upon and necessary to be distributed as cash. The administrator should not be allowed a commission on the real estate, as the same was in no sense received or distributed by him as personalty within the purview of this section. Quaintance v. Darnell's Ex'r, 14 Ky. Law Rep. 238. The item of $50 traveling expenses to Frankfort and Louisville is not explained by the evidence other than the testimony of the administrator that he made trips to Frankfort and Louisville while engaged in ascertaining and settling the inheritances taxes. This item not being otherwise explained, we are not prepared to say it was improperly allowed as a credit. It was the duty of the administrator to make and keep a record of the money received and disbursed by him. His failure so to do required the services of an expert accountant, for which he was allowed a credit of $300. This item is for services the law contemplates shall be performed by the administrator by the keeping of intelligent books, showing the money received and disbursed by him, which, when done, does not require the services of an accountant. The commission authorized to be paid to him by section 3883, Ky. Stats., is to compensate him for the services for which he paid the accountant the $300. Its allowance to him against the estate was improper.

The state inheritance tax to the amount of $1,272.19 was paid by the administrator out of the distributable share of A. J. Maynard. The record discloses that the actual cash value of his distributable share is $58,150. Thus it would appear that there has been charged to him an excess of $328.69 on the inheritance tax. The inheritance tax doubtless was based by the taxing authority on the appraised valuation of the estate and

accordingly paid by the administrator. It is not disputed that the $1,272.19 was actually paid by him as the inheritance tax on the distributable share of A. J. Maynard. Maynard is not entitled to require him to account to him for the inheritance tax actually paid in good faith by the administrator to the authority designated by law to demand and collect it of him. If a mistake was made in ascertaining and determining the inheritance tax on his distributable share, it must be corrected with the authority who assessed and collected it. It cannot be done between the distributee and the administrator after it has actually been paid by him.

Complaint is made of the payment of $60 to A. S. Johnson as appraiser and clerk of the sale. No evidence as to this item was offered other than the testimony of the administrator. It was proven that Johnson discharged the duties of appraiser and performed the services as clerk of the sale of the personal effects of the deceased. In the absence of a further showing, we are unable to say that he should not have been credited by this item.

The administrator was allowed 5 per cent. on $140,000 and $1,000 for extraordinary services and expenses. His commission allowable under section 3883 should be not exceeding 5 per cent. on the proceeds of the notes, cash on hand, the proceeds of the sale of the household and kitchen furniture and the other personal effects not susceptible of a distribution in kind, and actually necessary to be sold for the payment of debts or distribution among the heirs. It is very clear that the sale of the government bonds by the administrator was wholly unnecessary to effect a distribution in kind, and his doing so was a device to obtain the 5 per cent. commission of the proceeds. The allowance to him of 5 per cent. of the United States government bonds and the bank stock and the proceeds of the real estate was improper. With the facts in view, we have reached the conclusion that, in addition to the 5 per cent. on the proceeds of the notes, choses in action, and other evidence of indebtedness owned by the deceased at the time of her death, the cash on hand at that time, and the proceeds of the household and kitchen furniture, the administrator should be allowed 1 per cent. of the United States government bonds, and the bank stock owned by the deceased at her death, including the $1,000 allowed by the

court for extraordinary services and expenses, and nothing on the proceeds of the real estate. Bartlett v. Louisville Trust Co., 212 Ky. 13, 277 S. W. 250; Morton's Ex'rs v. Morton's Ex'r and Reed v. Reed, supra; Hays v. Johnson's Adm'r, 99 S. W. 332, 30 Ky. Law Rep. 614.

Maynard is insisting that the allowance of costs, $119.65 and $734.85, to Earl Scott was improper, that the same should be itemized and charged to the parties against whom the costs were recovered. These items were paid as costs to the proper officers. If it is retaxed as here insisted, it cannot be done in this court, but must be done in the court in which the costs were incurred. Objections are made to the allowances of $100 and $250 to Childress as attorney of the administrator. There is no showing that the services were not rendered, and the fees charged by, and paid to, the attorney, are unreasonable. The mere fact allowances were made to other attorneys for services rendered the administrator does not tend to show that these fees were improperly allowed.

Maynard insists that he is entitled to interest on his distributable share from the date of the disbursement of the $30,000 to the other distributees. In support of this insistence, he cites Payne v. Auxier, 211 Ky. 170, 277 S. W. 298. It was therein stated that, where a distributee in the settlement of the estate received an amount anterior to that received by other distributees, the latter is entitled to receive interest on the amount of the advancement during the period of the postponement from the time of the first distribution. This principle was adopted in the adjustment of the equities between the distributees. Where the administrator is sought to be charged by a distributee because his distributable share was not paid to him at the time the others were paid, if he has accounted for the interest received by him on the funds in his hands, and the distributee, without showing that he has received interest not accounted for, or has used the estate in his business, is not entitled to charge him with interest on his distributable share simply because the payment of his distributable share was postponed or not made at the time the distributable share was paid to the other distributees. The administrator collected and accounted for the interest on the money in banks and on the

bonds and notes, and under section 3859, Ky. Stats., he is chargeable with only the interest realized on the funds in his hands for the period of two years after his qualification.

The applicable rule in the present case was stated in Grainger's Ex'rs & Trustees v. Pennebaker, 247 Ky. 324, 56 S. W. (2d) 1007. The right of Maynard to receive his distributable share as the husband of the deceased was in litigation and on this account postponed. For this additional reason he is not entitled to charge and collect of the administrator any interest other than that actually received by him during the period of administrator.

Morgan Soward's heirs complain of the judgment declaring Claudie Kimberling and Leonard Sowards were heirs of the deceased and the payment to them of $1,283.31. There is a contrariety of evidence on the question whether they were heirs of the deceased. The judgment of the chancellor being supported by the weight of the evidence, we observe no reason and none is pointed out to us for disturbing it. It is a familiar rule that great weight will be given to the finding of fact by the chancellor, and that his finding will not be disturbed by this court, unless, on reviewing the evidence for ourselves, we determine it is against the weight of the evidence. Otherwise, if there is evidence sufficient to support the finding, we will not disturb it.

Steele and Childers, as attorneys for the administrator, urge an objection to the allowance made to them. Steele by previous orders was allowed $6,500. Maynard v. Steele, 242 Ky. 745, 47 S. W. (2d) 738. Childers was allowed the $100 and $250, heretofore considered. The order of which they complain allowed them an additional fee of $500, and they are here insisting it is not sufficient, considering the reasonable value of their services for which it was claimed. It is asserted that the services of Steele were rendered within a year before the rendition of the judgment from which this appeal is prosecuted and on the trial of the exceptions to the master commissioner's report. Childers' claim is for services rendered on the hearing of the trial of the exceptions to the master commissioner's report. The value of the services for which the claim is made is shown by the statement of other lawyers. Such evidence relative to fees of counsel is admissible for the

purpose of informing the court as to what is just and reasonable under the circumstances. The court is not bound by the opinions of the attorneys; being present at the time of the rendition of the services, he is presumed to know the character, extent and value of the legal services performed, and, while he may not arbitrarily disregard such opinions, yet he may determine for himself, in the light of all of the evidence, what is a reasonable fee. Marble v. Husbands, 185 Ky. 605, 215 S. W. 435; Robbins v. Jones' Ex'r, 211 Ky. 211, 277 S. W. 333. The general rule that the finding of fact by the trial court will be accepted by this court unless it is against the weight of the evidence, controls us when reviewing an order making the allowance to the attorneys for their services. Reviewing the evidence for ourselves, we cannot say that the allowance of $500 to them was improper or not reasonable.

Since this case must be reversed on other grounds and there is no showing of the denomination of the government bonds from which we are able to determine whether they were susceptible of a distribution in kind allowing to A. J. Maynard one-half thereof, on return of the case to the circuit court, the parties may be heard further on the question whether the government bonds were reasonably susceptible of a reissue at the instance of the administrator and a distribution in kind so as to give Maynard his one-half thereof, in whole or in part. And if not susceptible of such distribution in kind, in whole or in part, in that event to allow the administrator for selling and distributing their proceeds among the parties entitled thereto 5 per cent. instead of 1 per cent. herein before indicated, or to 5 per cent. of that portion not susceptible of a distribution in kind.

For the reasons indicated, the judgment is reversed on the original appeal, affirmed as to John Sowards, Louis Sowards, Garfield Sowards, Jennie Sowards, Francis Sowards, Georgia Sowards, Sophie Chaney, and Kentucky Justice, and is affirmed as to the cross-appeal of Steele and Childers, for proceedings consistent with this opinion.