# Pendleton v. City National Bank of Mayfield et al.

(Decided June 15, 1937.)

STEVE WILEY for appellant.

WEBB &· WEBB and L. R. SMITH for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In May, 1925, Russell A. Johnson, a resident of Fulton county, died intestate. Goalder Johnson qualified as administrator by executing bond with Nell D. Johnson as his surety. In September, 1927, W. A. Dodd, as a creditor, filed suit in the Fulton circuit court to settle the estate of Russell A. Johnson. In the settlement of claims against the estate the administrator paid out to certain creditors more than they were entitled to. On September 23, 1927, Mrs. W. T. Pendleton, who had a claim against the estate for $1,120, represented by a note signed by Russell A. Johnson and Goalder Johnson, acting on her own behalf, and for the benefit of other creditors, filed her petition to be made a party to the action. She asked that her pleading be taken as a cross petition against certain named creditors, and that they be required to answer and account for the overpayments which they had received. She also asked judgment against Goalder Johnson, administrator, and his surety, Nell D. Johnson. A motion to elect having been sustained, Mrs. Pendleton elected to prosecute her cross petition against the creditors. A general demurrer was sustained, and the cross-petition against the creditors was dismissed. On appeal the judgment was reversed, the court holding that, if the personal representative refused to take steps to recover from overpaid creditors, a creditor might prosecute the action. Johnson v. Dodd's Adm'r, 238 Ky. 194, 37 S. W. (2d) 26, 77 A. L. R. 975.

Among the overpaid creditors was the City National Bank of Mayfield, which held a note against the

estate for $2,500. The bank pleaded limitation and laches, and further that the payment of its note was made by Goalder Johnson, individually, and not as administrator. Mrs. Pendleton interposed the plea of coverture. It was stipulated by the parties that the claims of all other creditors were barred by limitation. The court then rendered judgment in favor of Mrs. Pendleton for her pro rata share of the overpayment, but denied recovery on behalf of the other creditors. She appeals, and the banks have prosecuted a cross-appeal.

It is insisted on behalf of appellant that limitation as to other creditors of the estate was not properly pleaded or proved, and that the court should have required the banks to pay into court the overpayment for distribution among all the creditors entitled to a recovery. It is unnecessary to discuss the sufficiency of the plea of limitation as to other creditors, or to determine whether or not, as a matter of fact, their claims were barred. As before stated it was stipulated that their claims were barred, and of necessity the stipulation cures any defect in the pleadings, and is certainly binding on appellant. Therefore, the situation is one where appellant is seeking to recover on behalf of other creditors, whose claims are barred by limitation. In the circumstances the creditors themselves could not recover if they were parties to the action, and we know of no rule of law that will permit another to recover for them. It follows that the court did not err in denying a recovery on behalf of other creditors.

Taking up the cross-appeal we have reached the conclusion that it is but a fair inference from the record as a whole that the City National Bank's note was paid by the estate of Russell A. Johnson, and not by Goalder Johnson, personally, and that appellant was not guilty of such laches as would relieve the banks of their liability to refund her share of the overpayment.

Judgment affirmed both on the appeal and the cross-appeal.