## Bristow v. Taul's Adm'x et al.

March 4, 1949.

Redwine & Redwine for appellant.
Wm. C. Clay, Jr. for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming in part, reversing in part.

The circuit court on appeal confirmed the action of the county court in allowing commissions to the appellee, Mrs. Elizabeth Ann Taul, as administratrix of the estate of her deceased husband, E. B. Taul, and a fee to her attorneys, but the latter was reduced from $1,500 to $1,250. The action of the county court was upon a motion by

Mrs. Elizabeth Bristow, the daughter and sole heir of the decedent, to show cause why Mrs. Taul should not be removed as administratrix on the grounds of her non-residence and her designation of a son by a former marriage to act as her agent in handling the estate. This proceeding came a year and three months after qualification. A partial settlement was then filed which showed that the estate had been substantially collected and disbursed. The objection to the allowances was upon the same ground of her ineligibility and failure to act.

The circuit court regarded the appeal from that part of the judgment which refused to remove the administratrix to be moot since she had made a final settlement and had resigned her trust. We pass by the argument as to that question, since we are of opinion that the evidence does not support the claim that Mrs. Taul had moved from the state at the time she qualified or later. She had given her son a power of attorney, but it appears that what he did was only of a ministerial character and that the administratrix did in fact exercise her discretion in the performance of the duties of her fiduc'al office. There is no claim of improper management. Nor is there any objection as to the amount of commissions allowed the administratrix.

The personal estate amounted to $5,221.35. But the deceased owned 39 separate parcels of real estate at his death, and his total estate as appraised for federal taxes was $75,034.85. The affidavit filed in the county court in support of the allowance of attorneys' fees shows that in addition to routine assistance and advice the attorneys had represented the administratrix in three lawsuits and in opposing exceptions filed by the daughter to the report of settlement and the attempt to remove her. They had prepared the income and other tax returns. A large and important part of their services was in the examination of the titles to the real estate, negotiating the division in kind, and the preparation of deeds by which the widow, Mrs. Taul, received 12 tracts and the daughter, Mrs. Bristow, 27. In the testimony before the circuit court one of the attorneys stated that the examination of titles was necessary for tax purposes and the allotment of dower. Other than that purpose the services were rendered to the parties individually for, of course,

the administratrix was concerned only with personal property.

The duties of the administratrix did not require the services or expenses in connection with the real estate and the allowance of an attorney's fee chargeable to the personal estate of the decedent was not proper. Hall v. Metcalfe, 114 Ky. 886, 72 S.W. 18, 24 Ky.Law Rep. 1660; Maynard v. Maynard's Adm'r, 251 Ky. 246, 64 S.W.2d 567, 91 A.L.R. 697. This is not to intimate that the attorneys are not entitled to be compensated by the parties individually for those services. It is not a proper credit in the settlement in the accounts of the administratrix.

The allowance of $750, the sum first made to the attorneys, is conceded by the appellant to be proper, and we think that the administratrix should be credited with that sum but that sum only.

Accordingly, the judgment as to the credit for commissions of the administratrix is affirmed, and as to the attorneys' fees, it is reversed for a consistent judgment.