## Morgan vs Hart.

APPEAL FROM THE MERCER CIRCUIT.

*Rule for restitution of money. Sheriffs' returns. Evidence.*

*Case* 30.

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

*January 4.*

Case stated.

THIS Court having, at the December term, 1847, reversed a decree in favor of Morgan against Hart and others, under which Morgan had received divers sums of money due from the other defendants to Hart, but decreed to Morgan, in part payment of his alleged demand against Hart, and Morgan's bill attaching those debts, and praying for a personal decree, having been dismissed, under the mandate of this Court, Hart obtained a rule against Morgan, to show cause why the money collected under the decree should not be restored. In response to that rule, Morgan set up a claim against Hart, who is alleged to be insolvent, for one half of a debt which he had paid upon a judgment against Hart and himself, on a note executed by Hart in 1819, in the name of John Hart & Co., a firm of which Morgan and Hart were the only members, and which was dissolved in 1819. The note was for $500, payable five years after date. The judgment was obtained in 1841 and paid off by Morgan after a replevy, in the course of the year 1842. Morgan also insisted that this was not a proper remedy for obtaining restitution, but that Hart should resort to his action.

In reply to the response of Morgan, Hart relied upon the statute of limitations as barring the demand for one half of the money paid by Morgan as above stated, and also insisted that the same demand was litigated in the principal suit, and was barred by the dismissal of the bill; and moreover, that the process of the Court having been resorted to to coerce an unjust demand, restitution should not be refused, even if the party had some other just demand. On the hearing of the rule, the re-

MORGAN
*vs*
HART. ·

cord of the judgment against Hart and Morgan, was read, and it was proved that Morgan paid the debt in 1842, and that Hart was insolvent. The record of the suit in chancery, and the executions on the decree against the several garnishees, with the returns of the Sheriff thereon, were read by Hart, though objected to by Morgan, and an order of restitution was made for the sum of $390. Exceptions were taken by Morgan, and he has appealed to this Court for a reversal of the order or decree of restitution, assigning various errors, of which such only will be noticed as are deemed material.

1. The proceeding by rule or motion for restitution of

Courts of law have power to order the repayment of money paid under its authority where its judgment is subsequently reversed. The same power exists with the Chancellor, in a proceeding by rule.

money or property obtained under the direct operation of a judgment which has been reversed, is well known in Courts of law, and we have no doubt it is equally allowable and appropriate in the Court of equity, where in the practice in this State, it is often resorted to. The Chancellor certainly has power to remedy the injustice which may have been done under his own orders, when vacated by an appellate tribunal. And no objection is perceived to the summary mode of proceeding by rule.

2. Although the Chancellor should not, upon the

Upon a proceeding by rule to compel restitution of money received under a decree which was subsequently received, the court should not permit the party to set up as a restitution any claim outside of the original suit and not disposed of by the decree, but the party should be put to his independent suit.

mere reversal of a decree under which money has been collected, make an order of restitution as a matter of course, but may, if further proceedings are to be taken in the principal suit for ascertaining the equities of the parties, make such order as will secure its proper application under the final decree; yet we are satisfied that when the decree of reversal extends, as it did in this case, to a dismissal of the bill for want of equity in the demand set up, or for want of jurisdiction in the Court, the order for restitution cannot be resisted on the ground of any equity thus disposed of by the dismissal of the bill. And we are also satisfied that it would be an inconvenient practice to allow any other demand outside of the original suit, and not disposed of by the decree, to be brought into litigation on the rule or motion for restitution. Such demand, if just and subsisting, should be set up in an independent suit, and if there be any equitable reason for not coercing the order or

decree for restitution, it should be made available as a ground for enjoining and not for preventing or modifying the order of restitution.

On looking into the record of the suit in chancery, on which the present proceeding is founded, we are of opinion that the particular demand now set up by Morgan, was not litigated in that suit; and that although it might have been embraced in the general charges and prayer of the original bill, it was not otherwise disposed of in that case, than as not being a proper subject for the jurisdiction of the Chancellor, under any facts stated in reference to it. The Chancellor in making his decree, expressly states, that on the original bill, the Court had no jurisdiction, but took jurisdiction on the amended bill, and on a ground not applicable to this demand, which was not in fact embraced in any allegation, special or general, in the amended bill. We are, therefore, of opinion that this demand is not barred by the final decree of dismissal. And we are clearly of opinion that the statute of limitations is not applicable to it as a set-off, except for the time that elapsed between the payments made by Morgan on the judgment referred to, and the reception by him of the sums collected under the decree. But if this demand might be brought into litigation on the rule for restitution, so might any other, however complicated or contested. And, as already intimated, the obvious inconvenience of such a practice with the delay, the confusion of jurisdiction, and the departure from the ordinary and regular modes of proceeding which would ensue, constitute a serious and sufficient objection to its introduction, and to the allowance of the claim in the present case. Hart, therefore, was entitled to an order for the restitution of such sums as Morgan had received under the reversed decree.

With regard to the amount received by Morgan, and ordered to be repaid, the principle question is, whether the returns on the executions in his favor are evidence against him. We are of opinion that, where they state that the money was made and paid to the plaintiff, they are, in this contest, sufficient *prima facie* evidence of the

*The return of the Sheriff on execution that the money was made & paid to plaintiff, is sufficient evidence of the receipt of the money by plaintiff*

upon a rule to restore it to defendant. But a bare return of satisfied, without stating that it was paid to plaintiff—or a return that the money was paid by the defendant to plaintiff, or his attorney, is not sufficient.

fact, but that the return that the money was paid by the defendant to the plaintiff or his attorney, is not evidence of that fact; and that the returns of satisfied merely, without stating that the money was paid to the plaintiff, are not sufficient evidence of such payment. But as to the returns of this latter sort, made by the Deputy Sheriff, McMordie, the response of Morgan being evasive, we think he was properly chargeable with the amount of the executions so returned. And upon the response, in connection with all the returns, we think neither party has a right to complain of the sum ordered to be re-paid.

Wherefore, the order and decree of restitution is affirmed.

*J. & W. L. Harlan* for appellant; *Ballinger and P. B. Thompson* for appellee.