CASE 8—EQUITY—JANUARY 26, 1882.

## Hood's adm'r v. Hood's devisees, &c.

APPEAL FROM MADISON COURT OF COMMON PLEAS.

1. When an alleged creditor of a decedent is made defendant by the administrator in a suit to settle the estate, and process is served upon him, he must either answer definite allegations descriptive of his claim, and set it up, or else abandon it.

2. When devisees, as well as creditors, are made parties to such a suit, and one of the creditors upon whom process has been executed holds a claim against the estate, which, if allowed, would change the basis upon which the division of the estate is to be made, giving one devisee more and others less, such creditor must present his claim, or it will be barred.

J. W. CARPENTER AND W. B. SMITH FOR APPELLANT.

1. Inasmuch as Arnold had been made defendant to the original petition, and process executed upon him, he was already in court, and it was neither necessary nor proper to take out process upon the amended petition, which set forth that Arnold claimed a debt against decedent's estate of $9,000.

2. It was the duty of the administrator to bring all persons setting up claims against the estate before the court to present them. Process being served upon them, if they fail or refuse to present their demands, they are barred.

C. F. & A. R. BURNAM for appellees.

1. The court could not, with any propriety, take cognizance of the matters contained in the amended petition, without process against Jas. H. Arnold, and service upon him.

2. Appellant had no right to file the amendment in vacation. It could only be done by leave of court. The administratrix had settled her accounts, and the case was ready for judgment when it was filed.

JUDGE HARGIS delivered the opinion of the court.

Mrs. Hood, having made her will and devised her estate to Mrs. Little and Mrs. Arnold, who were her only children, died, leaving considerable real property, but little personal property, and some debts unpaid.

Mrs. Little was appointed administratrix, and brought this suit against Mrs. Arnold and her husband, James H. Arnold, and one of the creditors of the decedent, for the purpose of settling her accounts, paying the debts, and dividing the estate in pursuance of the provisions of the will.

She alleged that the defendant, James H. Arnold, had a claim against the estate for goods, amounting to some four hundred dollars.

The clerk made an order for the creditors to appear before the master, and prove their claims, before a certain day fixed in the order.

Mrs. Arnold answered the petition, making no reference to her husband's claim against the estate.

The master reported his settlement with the administratrix to the first term after the reference to him by the clerk. It appears by the report that the administratrix had paid Arnold's debt, which she referred to in her petition.

In vacation the administratrix filed an amended petition, alleging that Arnold was giving it out in speeches that he had a claim, evidenced by note, against the estate for $9,000 or $9,500, and that she knew nothing of its existence or genuineness, and asked that he be required to file the note, so its genuineness and validity might be adjudicated, and the estate finally and fully settled, and properly divided between her and her sister, as its existence and non-settlement would be a cloud upon her share of the realty after division.

On motion of Arnold and wife, the amended petition was stricken from the files, and the estate settled, and division made without reference to the supposed claim of Arnold, and the administratrix appeals.

Section 433 of the Civil Code provides that "creditors failing to appear and prove their claims, agreeably to such order, shall have no claim against the executor or administrator, who has actually paid out the estate in expenses of administration, and to creditors, legatees, or distributees."

And section 434 provides that "legatees and distributees shall be liable to a direct action by a creditor, to the extent of estate received by each of them, *notwithstanding the failure of the creditor to appear*, and the discharge of the personal representative, as prescribed in the preceding section."

These sections render the general proceeding to settle estates of deceased persons, as provided by chapter 3, title 10, Civil Code, inconclusive against any of the creditors who fail to appear and prove their claims, and the suit will furnish no bar to any future action of the creditor brought within the period prescribed by said section 434, against legatees and distributees.

But we can perceive no reason why the creditors, when. known and made parties to the action, and served with. process, shall not be compelled to answer definite allegations descriptive of their claims, and either set up or abandon them against the estate.

And when devisees, as well as creditors, are made parties, as is done in this case, and one of the creditors holds a. claim which, if allowed, would alter the division of the estate by giving one of the devisees more and the other less, such creditor should be required to present his claim, or have it barred against legatees and distributees, as well as against the representatives, as there should be an end. of litigation, and multiplicity of actions avoided.

The amended petition filed in vacation by the administratrix was the proper mode of presenting an issue as to the claim of James H. Arnold, based on a note which he, as alleged, claims was given to him in order to equalize his wife with her sister, because of advancements made to Little and wife.

Wherefore, the judgment striking the amended petition from the files is reversed, and cause remanded for further proper proceedings.