## C. GRAHAM v. H. C. SHEETS.

[Abstract Kentucky Law Reporter, Vol. 6—299.]

**Assignment of Building Contract.**

A contractor had a contract to perform certain work for the railroad company which provided that 20 per cent. of the estimates should be withheld by the company to insure the completion of the work. The contractor after becoming indebted for labor and materials assigned the contract to one of his creditors with the understanding that the 20 per cent. coming to him from the portion of the work completed should go to pay laborers. After the contract was fully completed by the assignee, and the assignee was about to collect the 20 per cent. earned by the assignor, the railroad company, the assignee and the assignor were sued by the laborers to subject said 20 per cent. to their claims, and where all of said parties were before the court it was held that the reservation of said 20 per cent. was a part of the consideration for the assignment and said sum could be collected by such laborers on proof of their allegations.

APPEAL FROM KENTON CHANCERY COURT.

October 2, 1884.

OPINION BY JUDGE HOLT:

John Trenbath had a contract with the trustees of the Cincinnati Southern Railway to do certain work upon said road.

After completing a part of it he assigned the benefit of the contract to the appellant Graham, who undertook upon his part to complete it. At the time of this transfer Trenbath was indebted to Gra-

ham in the sum of $2,009.69 for material the latter had furnished him for the work; and was also indebted to the appellee Sheets and others in the amount of $2,097.10 for work done by them for Trenbath under the contract.

The assignment of the contract seems to have been made at first by parol; but afterwards the appellant Graham, procured a written transfer from Trenbath.

By virtue of the contract 20% of the monthly estimates of the work that had been done by Trenbath had been retained by the trustees to insure the completion of the job; and when he quit the work there was coming to him $1,792.35 upon this account. There was also then on hand a considerable quantity of material that had been obtained to carry on the work, and upon which Trenbath had not been paid anything or at least not as much as 80% of its value.

The work having been completed by Graham and he being about to collect said $1,792.35, the appellee Sheets brought this suit against Trenbath, Graham and the trustees of the railroad, seeking to subject said sum to the payment of what Trenbath was owing him and his fellow workmen, the latter having assigned their claims to Sheets to save a multiplicity of actions, but are also parties to this suit.

The petition alleged, among other matters, that when the transfer of the contract was made to Graham, he agreed that the back pay due Trenbath should be applied in payment of the appellee's claims.

The appellant's answer denied this; and an order having been made directing the payment of the fund to the court's receiver, the appellant appealed to this court, and it reversed said judgment as the warning order against Trenbath was void, and he not before the court when said judgment was rendered; and also held that the matters alleged in the plaintiff's pleadings as to the alleged agreement by the appellant as to the back pay were not sufficient to support the action against him and that they failed to set forth any consideration for any such contract.

Upon the return of the cause Trenbath was brought before the court by warning order, and the plaintiff by an amended petition filed October 23, 1878, alleged that when the contract was assigned to Graham by Trenbath the latter was indebted to both the appellee and Graham; that the latter in consideration of the transfer to him agreed that the back pay should be applied in payment of both debts;

that but for this agreement Trenbath would not have made the transfer; and that the consideration for the agreement upon the appellant's part as to the back pay was the assignment of the contract by which he got the benefit of a large quantity of material then on hand and upon which Trenbath had drawn little or nothing.

In our opinion this amendment cured any defect in the plaintiff's pleadings. It alleged that for a sufficient consideration the appellant had agreed that the appellee should have the benefit pro rata with himself of a fund which would otherwise have belonged to him alone.

The testimony is conflicting as to the terms of the contract between the appellant and Trenbath as to the application of the back pay or who should get it; but this was a question of fact; and the judgment below upon this point should not therefore be disturbed, and can not be, as no answer was ever filed to the amended petition, and its allegations must, in the absence of a traverse, be taken as true.

Under this state of pleading the court below did not err in applying the fund in contest pro rata upon the claims of the appellant and the appellee.

Upon the former appeal of this case this court held that the appellant having executed a bond to perform the judgment of the court, the attachment of the fund in the hands of the railroad trustees was thereby discharged, and a personal liability created upon the part of the appellant.

It is now claimed in argument that no such bond was ever executed. The record shows that the appellant alone executed such a bond in the sum of $2,500 on November 12, 1875; and that it was approved by the sheriff who then had the attachment. The appellee is not complaining of this, neither is any surety, if indeed there was any upon the bond; and it does not lie in the mouth of the appellant to do so. He is estopped by having signed the bond and having procured its approval by the proper officer; and while it only appears presumptively from the record that the appellant has collected the fund, yet the personal judgment against him for the pro rata sum allowed the appellee out of the attached fund was properly rendered owing to the appellant having procured the discharge of the attachment by the execution of the bond.

Judgment *affirmed.*

*T. F. Hallam, for appellant.*
*James O'Hara, C. D. Foote, for appellee.*