CASE 45—PETITION  EQUITY—FEBRUARY 14.

# Rubel v. Bushnell.

91 251
110 773

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. AN HEIR OR DISTRIBUTEE IS CHARGEABLE FOR THE LIABILITIES OF THE DECEDENT to the extent of assets received, and, therefore, if he has received assets to the extent of a creditor's claim, he may be sued for the whole amount of the claim, and required to look to his co-distributees for contribution; and where, as in this case, two or more of several distributees .have together received enough to satisfy the claim of a creditor of the decedent, judgment may be rendered · against each for the amount he has received, or for enough to satisfy the creditor's claim, leaving them to look to the other distributees for contribution.

2. SAME.—In order to give a creditor of a decedent a right of action against a distributee, it is not necessary that it should appear that the personal representative has no assets.

FINLEY SHUCK, JOHN S. JACKMAN FOR APPELLANT.

1. Judgment should have been rendered against each of the appellants for only his or her *proportion* of appellee's claim.    (Stroud's Heirs v. Barnett, 3 Dana, 391; Roberts and Wife v. Phillips, &c., 11 Bush, 11; Hood v. Hood, 80 Ky., 39; Cox's Heirs v. Strode, 2 Bibb, 273; Blackstone, 2d book, 511, 513; Williams on Executors, pages 970 and 971; Schouler's Executors and Administrators, 382, 383, 384, 385, 491.)

   This equitable rule has not been changed by statute.  (Gen. Stats., ed. 1887, chap. 31, sec. 11; *Idem*, chap. 44, art. 1, secs. 9, 10; *Idem*, chap. 39, sec. 11; Civil Code, secs. 434, 435.)

2. If there were assets remaining in the administrator's hands sufficient to pay his claim when presented, he had no cause of action against the distributees.

3. The land should have been subjected before rendering judgment against the heirs.

BURTON VANCE FOR APPELLEE.

The heir taking his ancestor's estate is liable for the debts of the ancestor to the extent of assets received. (Newman's Pleading and Practice, page 189; Cox's Heirs v. Strode, 2 Bibb, 273; Fisher's Heirs v. Kay, 2 Bibb, 436; Lansdale v. Cox, 7 Mon., 402; Ellis v. Gosney's Heirs, 1 J. J. M., 347; Sneed v. Phillips, 2 J. J. M., 132; 4 Dana, 552; 5 Dana, 283; 6 Dana, 450; 1 B. M., 282; 3 B. M., 506; 8 B. M., 389; 10 B. M., 217; 6 B. M., 567; Clay v. Hopkins, 3 Mar, 489; Ransdell, &c., v. Threlkeld's Adm'r, 4 Bush, 347; Civil Code, sec. 434; Gen. Stats., chap. 31, sec. 11; *Idem*, chap. 44, art. 1, secs. 9 and 10.)

AUGUSTUS E. WILLSON OF COUNSEL ON SAME SIDE.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This action was instituted against Heffernan, administrator, for a settlement of his accounts and for the purposes of distribution. After the payment of the claims of various creditors, there appeared to be a sum of money left for distribution which, when divided, gave to each distributee the sum of two hundred and three dollars and thirty-three cents. There were eight shares, or heirs, and some of the distributees non-residents.

Subsequent to these proceedings under which distribution was had, the appellee, Bushnell, came into the case by a proper pleading, claiming to be a creditor of the estate, and, on the hearing of his claim, he was adjudged entitled to recover one thousand six hundred dollars. Of this sum, other assets having been collected, Bushnell was paid of his judgment all but seven hundred and eighty-five dollars and fifty-seven cents—the estate being then exhausted. The appellee filed his cross-petition against the distrib-

utees, alleging that they had received assets each to the extent of two hundred and three dollars and fifty-three cents, and wanted a judgment for so much as would satisfy his debt. There were five of the distrib-utees before the court, the others being non-residents, and a judgment *in personam* was rendered against them severally to the extent of two hundred and three dollars and fifty-three cents each, or enough to satisfy the judgment. The appellants maintain that the judgment should have been against each distrib-utee for one-eighth of the judgment. Section 434 of the Civil Code provides: "Legatees and distributees shall be liable to a direct action by a creditor to the extent of estate received by each of them, notwith-standing the failure of the creditor to appear and the discharge of the personal representative." Section 10 of article 1, chapter 44, General Statutes, also pro-vides: "The heir or devisee may be sued in equity by a creditor for any liability of the decedent," and section 9 of same article provides: "To the extent of assets received the representative, heir and devisee of an heir or devisee shall be chargeable for the liabilities of their decedent," &c. There can be no question of the liability when assets have been received, nor is it material, under the present provision of the Code, that it should appear that the personal representative has no assets. The right to sue is expressly given the creditors, and the only question is, when the lia-bility is conceded, has the distributee used assets from the estate? if so, he becomes liable to the credi-tor to that extent, and may be sued for the whole sum received, and required to look to his co-distrib-

utees for contribution if he has received assets to the extent of the creditor's claim. This case is not like an assignment for the benefit of creditors by an insolvent, where all the creditors share pro rata. One creditor not obtaining his pro rata may compel contribution from the others to make him equal, and each creditor, therefore, should contribute. This was the case in Roberts v. Phillips, 11 Bush, 11, but has no application here.

If one of the distributees had received nothing in this case, the others would be required to contribute to him in proportion to the amount received by each; but here the creditor is entitled to the whole of his claim, and by the statute any distributee receiving assets may be sued, and compelled, under its provisions, to pay the whole judgment, if he has received assets sufficient. When this is done, then the question of contribution between the distributee paying the debt and his co-distributee arises.

The case of Ransdell v. Threlkeld's Adm'r, 4 Bush, 347, decides that a joint judgment was improper in such a case, because each heir could only be required to contribute as much as he had received, and no more. The distribution was made on the application of the *femes covert* and their husbands, and the husband, by reason of his marital rights, will be presumed to have applied the money to his own use, nothing else appearing, and the judgment *in personam* against their wives is void, and can be set aside on motion, the petition and pleadings showing that they were married women.

We perceive no error in the record. They have no right to complain that they were charged interest.

Judgment affirmed.