### Montgomery, et al, v. Farmers' National Bank of Cynthiana.

(Decided February 3, 1914.)

#### Appeal from Scott Circuit Court.

Creditors—Motion to Require Return of Money Paid Under Judgment—Burden of Proof.—When, after the reversal of a judgment a motion is made against a creditor that the court require him to pay back money received under the judgment, on the ground that he has received more than was coming to him, the burden is on the maker of the motion to show that the creditor has received money to which he was not entitled, and it is not sufficient that he show that the creditors in the aggregate have received money to which they were not entitled.

B. M. LEE for appellants.

T. L. EDELEN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

The facts out of which this controversy arose are fully set out in the opinion delivered when the case was heretofore in this court. (See Georgetown Water Co. v. Fidelity Trust and Safety Vault Co., 117 Ky., 325.) In

that opinion it was held that the ten mortgage bonds held by the Central Thompson-Houston Company and the debt of R. A. Mitchell for $10,000, with interest were preferred claims and must be paid in full; that the remainder of the proceeds of the sale in controversy on that appeal were the property of the Georgetown Water Company and that as against the water company the claim of H. P. Montgomery and his associates for betterments might be allowed and paid out of what was coming to the water company before anything was distributed to its stockholders. The circuit court was directed to refer the case to a commissioner to report the amount of the enhancement of the property by reason of the betterment of H. P. Montgomery and his associates. The mandate was filed in the circuit court October 3, 1904. On February 20, 1912, this reference was made. The commissioner reported that these betterments enhanced the value of the property $10,000. H. P. Montgomery and his associates then moved the court for judgment against the Farmers National Bank of Cynthiana to refund to them the amount of money paid to it in the action, or so much thereof as was necessary to pay the amount due them under the opinion of this court. The court overruled the motion, and from this judgment Montgomery and his associates appeal.

Under the opinion of this court on the former appeal Montgomery and his associates were not adjudged a lien as against the ten bonds of the Central Thompson-Houston Company or the Mitchell debt of $10,000 with interest. They were only adjudged a lien as against the water company after these debts were paid. There is nothing in the record to show that the Farmers National Bank of Cynthiana received anything more than it was entitled to under the opinion of this court. Appellants show that the Mitchell debt with interest amounted to $16,476; they also show that the bank received.................. $11,851.15
that Ann E. Mitchell received ................................. $7,176.19

Total .................................................................... $19,027.34

This shows that the two as assignees of Mitchell received $2,551.34 more than the Mitchell debt; but it does not show that the bank received anything more than was coming to it, and the plaintiff is in no wise responsible if more money was paid to Ann E. Mitchell than should have been paid to her. There was no effort made to

proceed against any other creditor than the bank and from the record presented we cannot say that the circuit court erred in overruling the motion. The burden was upon the appellants to show that the bank received more than was coming to it.

Judgment affirmed.