# Massie et al. v. Paul.

(Decided March 10, 1936).

184

HUNT & BUSH for appellants.

S. S. WILLIS and A. M. HALL for appellee.

CHURCHILL HUMPHREY, amicus curiæ.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

This is the second appeal herein. See McMillan v. Massie's Ex'r, 233 Ky. 808, 27 S. W. (2d) 416, 422. On the first, the liability of the estate of W. C. Massie to Sarah McMillan (now Sarah McMillan Paul) for services rendered him, which are described in our opinion, was the sole question involved and determined. The opinion directed a reversal and the entry in the circuit court of a judgment in her favor "on her claims for the value of the use and occupancy of her property and for her services in nursing and caring for the decedent."

It became effective May 27, 1930, when our mandate was issued embracing the directions contained in it. On the 31st day of May, she entered a motion in the circuit court to redocket the case, to file the mandate, and for a judgment in conformity with the mandate.

On June 11, 1930, her motion to redocket was overruled on the ground the action was still on the docket, and a decree was entered directing her recovery in accordance with the mandate and the issuance of an execution "to be levied and recovered" against Massie's executor of the assets in its hands unadministered, including costs.

On the 14th day of June, 1930, she tendered an answer, counterclaim, and cross-petition against the persons named therein, who were either parties at that time or the personal representatives, heirs, devisees, or

legatees of the parties to the action, who had died during the pendency of the action.

Her motion to file the answer, counterclaim, and cross-petition against the defendants named therein was sustained only to the extent of allowing the order to show it was tendered. She entered a motion "for a rule against them and the living parties to this action to require them to restore to the executor or to pay to her the amount received by each of them shown in this record or a sufficient sum to pay her claims, interest and costs." The court submitted the motion with directions that notice be given to the parties and set it for hearing June 30, 1930.

On November 29, 1930, the court overruled the motion to require the defendants to refund or restore to the executor or to the court any portion of the estate of Massie theretofore received by them under its orders; also sustained a motion to "strike from the files" in the case her tendered answer, counterclaim, and cross-petition. To these rulings we shall hereinafter advert.

On the 10th day of January, 1931, she filed a petition in the same court, against the parties named therein, setting forth the qualifications of the executor of the will of Massie, the probation of his will, the institution of the executor's action to settle the estate, the nature and value of Massie's estate, the pendency of the action to settle the estate of Massie, the steps taken and orders entered therein, including the entry of the judgment allowing her claims, the separate items of her claim, the amount of her judgment, and the nature and character of the services for which judgment had been rendered therein and no part of the judgment had been paid, except amounts stated as credits. Her petition gave the names of the heirs and distributees of Massie, the amounts each one of them had received under the orders of the court entered, the date of the orders of distribution, and that the last one was entered in 1927 or 1928.

The petition discloses that on a final adjudication of her claims they were disallowed, that an appeal was taken to this court, the judgment reversed, with direction as hereinbefore stated, and the proceedings and

steps were taken in reference to it in the circuit court. An order was entered consolidating the same with the action to settle the estate of Massie.

The distributees demurred generally to the allegations of the petition as amended. They filed separate answers traversing the petition, and pleaded in separate paragraphs the statute of limitations to each item composing her total claim for which judgment in her favor was rendered in the action to settle the estate. Subsequent pleadings were filed, thus forming issues. On the final trial, a judgment was entered directing a recovery of each distributee, the sums paid each of them, under the orders of the court in the action to settle the estate, sufficient to pay her judgment.

Their general demurrer and pleas of limitation were presented, and are now argued on the theory that this is an action to recover of the distributees on a liability of the decedent under section 434, Civil Code of Practice, and sections 2084, 2087, 2088 and 2089, Kentucky Statutes, to the extent of the assets they had respectively received of the estate of Massie.

It may be conceded, arguendo, that her petition as amended does not state facts sufficient to constitute a cause of action on the original claims for which her judgment in the action to settle the estate was rendered. As we view the case, the decisive question to be considered is, Are the facts set forth therein sufficient in law, after consolidation with the action to settle the estate of Massie, to authorize and justify an order compelling a refund or restitution by the distributees of an adequate proportion of the sums paid them in the action to settle the estate to satisfy the judgment in her favor in that action?

The distributees correctly argue in their brief that the Code provision and the Statutes, sections supra, provide that the heirs, devisees, and legatees of a decedent or testator shall be liable for his debts to the extent of the assets, respectively, received by them; but they do not make the ancestor's debts the debt of the heirs, devisees, or legatees. And in an action thereunder to state a cause of action against either of them it is imperatively essential to state such facts as will constitute a cause of action on the original liability of

the decedent or testator, accompanied with an allegation showing the assets and the amount thereof received by each of them. In such action a proper plea of the statute of limitation, sustained by adequate proof, is a perfect bar to a recovery; also, that no cause of action is stated, and no judgment was sought against them individually, in the action to settle Massie's estate.

It is their further contention the doctrine of restitution does not apply herein, and that she is without right to resort thereto, and the court is without power to employ it to afford her relief. To sustain all of their contentions, they rely upon and cite to us Hopkins v. Stout, 6 Bush, 375; Southern Contract Co's Assignee v. Newhouse, 119 Ky. 704, 66 S. W. 730, 23 Ky. Law Rep. 2141; Jones' Adm'r v. Commercial Bank of Ky., 78 Ky. 413; Willis' Adm'r v. Roberts' Adm'r, 90 Ky. 122, 13 S. W. 358, 11 Ky. Law Rep. 929; Trustees of Ky. Female Orphan School v. Fleming's Adm'r, 10 Bush, 239; De Bard et al. v. Dawson's Adm'r, 4 Ky. Op. 345; Ross v. Fox's Adm'r, 212 Ky. 838, 280 S. W. 143; Waters v. Cline, 121 Ky. 611, 85 S. W. 209, 750, 27 Ky. Law Rep. 479, 123 Am. St. Rep. 215; J. F. Hardymon Co. et al. v. Kaze, 241 Ky. 252, 43 S. W. (2d) 678; Prewitt v. Wilborn, 184 Ky. 638, 212 S. W. 442; Campbell v. Mims, 161 Ky. 530, 170 S. W. 1176; Shields v. Shields, etc., 190 Ky. 109, 226 S. W. 392; City of Newport v. Commonwealth, 106 Ky. 434, 50 S. W. 845, 51 S. W. 433, 21 Ky. Law Rep. 42, 45 L. R. A. 518; Bryson's Adm'r v. Briggs, 104 S.W. 982, 32 Ky. Law Rep. 159; Kellum v. Browning's Adm'r, 231 Ky. 308, 21 S. W. (2d) 459; Huffman v. Hatcher, 178 Ky. 8, 198 S. W. 236, L. R. A. 1918B, 484; Bourbon Agricultural Bank & Trust Co., Guardian, v. Miller, 205 Ky. 297, 265 S. W. 790.

It is very plain that unless the present case is distinguishable on the facts from, and controlled by, different principles to those stated in the cases, supra, they are conclusive herein.

In no one of those cases was the paramount question to be determined in the present one considered and adjudicated.

The right and remedies of Sarah McMillan Paul

to have refunded and appropriated to the satisfaction of her judgment any portion of the estate of Massie are confined to, and controlled by, those which a creditor of a decedent or testator is accorded by the law governing the settlement of estates in an action brought for that purpose. If she reaches any portion of his estate to satisfy her judgment, plainly, her relief must be granted in that action; for the orders and decrees therein may not be collaterally attacked in any other action. And unless the court in that action in the exercise of its inherent power may disregard or annul its orders therein, producing an inequitable distribution or denying a creditor the payment, either in whole or in part, of his allowed claim, such orders are res judicata as to every party thereto, whether as a creditor, heir, devisee, or legatee. See sec. 486 and 823, Freeman on Judgments (5th Ed.).

Sec. 823, Freeman on Judgments, reads:

"An order making final distribution of an estate to the persons whom it finds entitled thereto as heirs, devisees or legatees of the decedent is a conclusive adjudication, if upon sufficient notice, of all matters in issue and determined by it, not only in courts of probate jurisdiction but elsewhere. It is as conclusive as a decree in chancery or a judgment in a court of law, as to all parties and persons having notice and an opportunity to be heard, including, of course, the distributees and their privies, and the creditors of the estate; but it does not estop third persons from asserting assignments or conveyances of the property made to them by the distributees before the entry of distribution, though as against such an assignee it conclusively determines the extent of his assignor's interest as a distributee. It is conclusive upon persons not in being but represented in the proceedings, and upon unknown heirs as to whom constructive notice has been given pursuant to statute. As a decree in rem it is conclusive on the world as to the succession."

To sustain this statement, the author cites cases from practically every jurisdiction. The principles were recognized and applied in Hood's Adm'r v. Hood's Devisees, 80 Ky. 39 and Parker v. White, 223 Ky. 561, 4 S. W. (2d) 380, 381.

In Hood v. Hood, it is written:

"When devisees, as well as creditors, are made parties, as is done in this case, and one of the creditors holds a claim which, if allowed, would alter the division of the estate by giving one of the devisees more and the other less, such creditor should be required to present his claim, or have it barred against legatees and distributees, as well as against the representatives, as there should be an end of litigation, and multiplicity of actions avoided."

In Parker v. White, the facts were:

"Sallie I. Parker sued Bettie E. White and husband and M. F. Parker to subject their remainder interest in a tract of land, which had been previously set apart to plaintiff as dower in her deceased husband's lands, to the payment of a claim asserted by plaintiff against her husband's estate. The defendants interposed a plea of res judicata, which was upheld by the circuit court, and plaintiff has prosecuted this appeal.

"E. B. Parker died intestate in 1924, and an administrator was appointed. The administrator filed a suit against the widow, Sallie I. Parker, and the children, Bettie E. White and Marion F. Parker, to settle the estate, allot dower, and divide the proceeds of the property after payment of the debts. The appellant appeared and filed an answer setting up several claims, but none of the claims now asserted in this litigation, except to state that she had $700 in claims to be filed."

In stating our conclusion therein sustaining the plea of res judicata, we said:

"In this case, however, the appellant did appear and assert claims, and she is now precluded from suing again on the same matters.  *   *   *

"The prior judgment settles all matters in issue as well as all matters that properly could have been presented therein. Vincent v. Blanton, 134 Ky. 590, 121 S. W. 466, 135 Am. St. Rep. 424; Snapp v. Snapp, 87 Ky. 544, 9 S. W. 705, 10 Ky. Law Rep. 598; Locke v. Commonwealth, 113 Ky. 868, 69 S.

W. 763, 24 Ky. Law Rep. 654; 34 C. J. sec. 1236, p. 818.

"Res judicata is a rule of law pervading every system of civilized jurisprudence, grounded upon public policy, in the interest of society, that there should be an end of litigation, and upon reasonable necessity which impels protection of the individual from the vexation of repeated suits. 'The doctrine applies and treats the final determination of the action as speaking the infallible truth as to the rights of the parties as to the entire subject of the controversy, and such controversy and every part of it must stand irrevocably closed by such determination. The sum and substance of the whole doctrine is that a matter once judicically decided is finally decided.' 34 C. J. p. 743, sec. 1154."

The principles enunciated by Freeman, and in the cases, supra, are in harmony with sections 428, 429, 430, 431, 432, 433, and 434, Civil Code of Practice.

Section 428 provides who may institute an action to settle the estate of a deceased person and who shall be made parties thereto; namely, the representative of the deceased, all persons having liens or interest in the property left by the deceased, which includes the creditors, heirs, legatees, and devisees. Section 429 directs what shall be stated in the petition. Section 430 requires a reference to the master commissioner and notice to creditors which, under section 431, may be made in vacation. Section 432 expressly provides that:

"A creditor appearing before the commissioner and presenting his claim becomes thereby a party to the action, and is concluded by the final judgment of the court allowing or rejecting his claim."

Sections 433 and 434 provide a remedy for a creditor who is not made a party to the action, either as a plaintiff or defendant as provided by section 428, and who fails to appear and prove his claim agreeably to the order of reference to the commissioner, under sections 430 or 431. Such non-appearing creditor "shall have no claim again the executor or administrator who has actually paid out the estate in expenses of administration, and to creditors, legatees or distributees." Section 433. But section 434 provides that:

"Legatees and distributees shall be liable to a direct action by a creditor to the extent of estate received by each of them, notwithstanding the failure of the creditor to appear and the discharge of the personal representative as prescribed in the preceding section [433]; and that liability shall continue during the same period that the liability of the personal representative would have continued but for said discharge."

These provisions clearly furnish an adequate remedy to a creditor who is made a party to the action to settle the estate or appears and presents his claim; also to a creditor who is not made a party thereto and fails to appear and present his claim therein. As to the former, the orders and decrees allowing claims against the estate of the decedent or testator and directs their payment to the creditors, and a distribution among the heirs, devisees, or legatees are res judicata as to those parties; but as to the latter class of creditors they are unaffected by the suit to settle the estate, except as to the personal representative.

Sections 433 and 434 preserve and secure to a creditor who is not a party to the action to settle the estate, and fails to appear and file his claim therein, the right to sue and recover of the heirs, devisees, and legatees, whether or not an action to settle the estate is brought under section 428, though they may have re-received their portion of the estate under orders and decrees in an action under this section.

In Parker v. White, supra, we said:
"Sections 433 and 434 of the Civil Code, as construed in the cases of Hood's Adm'r v. Hood's Devisees, 80 Ky. 39, Story v. Story, 35 S. W. 540, 18 Ky. Law Rep. 97, and Benson v. Simmers, 53 S. W. 1035, 21 Ky. Law Rep. 1060, govern when a creditor does not appear, or is not required to meet specific averments respecting his claim, or forever forego it."

Equally it is true that section 432 governs where a creditor appears or is required to meet specific averments in the action to settle the estate respecting his claim.

It is undoubtedly true that the final judgment or

decree in an action to settle the estate of a deceased is conclusive as to all matters determined by it as to the personal representatives, the distributees, and creditors who appeared or who were required to meet spcific averments respecting their rights to the common fund—the estate of the decedent or testator.

The rule of finality of a judgment, in an action to settle estates, is founded on reason and propriety, and tends to advance the ends of justice, put an end to vexatious litigation, and quiet the contentions of society, the same as in any other suit at law or in equity. We shall hereinafter advert to this topic.

On June 13, 1925, an order was entered directing a partial distribution of the Massie estate to the heirs and distributees, with directions to the master commissioner to hear proof of the claims of A. H. Keller, the Ardery Drug Company, Drs. Wm. Kenney, and Jos. A. Stoeckinger, Hubbard & Curry, Jas. W. Grinnan, and Sarah McMillan Paul, the appellant, reserving to the court, "the right to fix the balance of taxes, when a final distribution of said estate is made which cannot be done until the debts against said estate and the costs, attorneys' fees and allowances are finally fixed. * * *" Under the above order there remained in the hands of the executor after the partial distribution, $73,774.60. It was distributed by orders of the court in 1927 or 1928, seemingly while her appeal was pending in this court. She failed to execute a supersedeas bond and cause a supersedeas to be issued and served on the heirs and distributees or the executor, and thus stay the proceedings to settle the estate as to her claim. They now argue that her failure to supersede the judgment in the manner provided by the Civil Code of Practice (sections 747, 748 and 751) deprives her of, and she should be denied, all remedies to compel a refund or restitution of any portion of the estate paid them under the orders of the court.

On the return of the case to the circuit court, it was on the docket and pending in court. The effect of her failure to supersede the judgment disallowing her claim was that by reason thereof she was deprived of her right to an action for damages for acts done

in obedience to the judgment while in force, but the failure to supersede it did not deprive her of the right to require the distributees to make a restitution or a refund of the estate received by them under the orders of the court during the pendency of the appeal; nor relieve them of the liability for a proper proportion of the common fund received by them under the orders of the court, and to which she is entitled to satisfy her judgment. Bridges v. McAlister, 106 Ky. 791, 51 S. W. 603, 21 Ky. Law Rep. 428, 45 L. R. A. 800, 90 Am. St. Rep. 267; Schnabel v. Waggener, 118 Ky. 362, 80 S. W. 1125, 26 Ky. Law Rep. 258; Louisville, C. & L. R. Co. v. Bates, 8 Ky. Law Rep. 701; Montgomery v. Farmers' National Bank of Cynthiana, 157 Ky. 230, 162 S. W. 1117; Justice v. Justice, 242 Ky. 553, 46 S. W. (2d) 1080; Drury v. Franke, 247 Ky. 758, 57 S. W. (2d) 969, 88 A. L. R. 917; Gregory v. Litsey, 9 B. Mon. 43, 48 Am. Dec. 415; Morgan v. Hart, 9 B. Mon. 79; Hackworth v. Thompson, 3 Ky. Law Rep. 689; Brown v. Vancleave, 21 S. W. 756, 14 Ky. Law Rep. 821; Martin v. Hall, 152 Ky. 677, 153 S. W. 997, L. R. A. 1918A, 1041. Her right and remedies after the reversal, though no supersedeas was issued, were those which were approved in Morgan v. Hart, 9 B. Mon. 79; Oliver & Dixon v. Braswell, 193 Ky. 297, 235 S. W. 724; Walker v. Ganote (Ky.) 116 S. W. 689, 691; Greenway v. Irvine's Ex'r, 234 Ky. 597, 28 S. W. (2d) 760, 767; Johnson v. Dodd's Adm'r, 238 Ky. 194, 37 S. W. (2d) 26, 77 A. L. R. 975; Gregory v. Litsey, 9 B. Mon. 43, 48 Am. Dec. 415; Ware v. McCormick, 15 Ky. Law Rep. 59.

A different rule prevails where a fiduciary pays a common fund under a decree to designated persons. Dudley v. Beatty, 5 Ky. Law Rep. 773; Humphrey v. Hughes, 6 Ky. Law Rep. 299; Peek's Ex'r v. Peek's Ex'r, 50 S. W. 982, 21 Ky. Law Rep. 15.

It is the obligation of the court in actions to settle estates to make an equitable distribution of the entire estate of the decedent or testator, among the creditors, heirs, devisees, and legatees who are parties thereto in any manner provided by law, according to their claims and interests as established by proper allegations and proof; the creditor paid ratably if need be because of the insufficiency of the estate to

pay the entire claims of the creditors. Payne v. Auxier et al., 211 Ky. 170, 277 S. W. 298; Johnson v. Dodd's Adm'r, supra.

When a creditor, an heir, devisee, or legatee who was a party to the action is proceeded against to require of him a refund or restitution, he is without right to defend on any ground which was or might have been disposed of by the decree fixing his interest in the estate or allowing the claim. Morgan v. Hart, supra. His defense thereto is, and must be, predicated upon something occurring after the sum sought to be refunded or returned was paid to him, clearly rendering it inequitable or unreasonable for him to obey the order in respect thereto. Gray's Ex'r v. Patton's Adm'r, supra.

The rule of finality of a judgment as it applies in actions to settle estates is subject to the inherent power and the superimposed duty of the court to compel therein a refund or restitution by a creditor or distributee who has received, under the orders of the court, an amount greater than that to which he was legally entitled, so long as the action therefor is pending.

The effect of a final decree settling a decedent's estate and distributing the entire property theron to the devisees, legatees, or distributees, and creditors who are properly before the court in such action, is to vest in such persons absolute right and title to all of the estate (Mackay v. Clark Rig Bldg. Co., 5 Cal. App. (2d) 44, 42 P. 341) as distributed or paid to them thereunder until such decree is reversed on an appeal therefrom or it is set aside, vacated, or modified by the court considering it on an appropriate proceeding for that purpose. When a judgment in the action affecting or changing the result of the order of final distribution is reversed, restitution must be made of a sufficient sum of that which has been received under it, to satisfy a reversed judgment. Dury v. Franke, 247 Ky. 758, 57 S. W. (2d) 969, 88 A. L. R. 917, and cases cited.

In Oliver & Dixon v. Braswell, the attorneys of one of the devisees under the will of the testator were paid a portion of his share in the estate by the mas-

ter commissioner under the orders of the court, in an action to settle the estate, a sum greater than that to which the devisee was entitled. Those entitled to participate in the distribution of the common fund under the control of the court caused a rule to be issued against the devisees and his attorneys to show cause, if any they had, why they should not refund or restore to the control of the court the amount in excess of that to which the devisee was entitled. The rule was issued returnable to the next term of the court, when they appeared and filed separate response. The court ruled their respective response was insufficient. They were required by an appropriate order to restore to the custody of the court that portion of the amount paid them which was in excess of that to which the devisee was entitled. The judgment was affirmed.

Greenway v. Irvine's Ex'r was an action to settle an estate. The estate involved was a long time in court. See Greenway v. White, 196 Ky. 745, 246 S. W. 137, 32 A. L. R. 1385; White v. Greenway, 209 Ky. 368, 272 S. W. 920; Irvine v. Greenway, 220 Ky. 388, 295 S. W. 445; and Walker v. Irvine's Ex'r, 225 Ky. 699, 9 S. W. (2d) 1020. At the conclusion of the litigation it was made to appear to the court the executor did not have in his possession sufficient funds belonging to some of those held responsible to pay their proportionate part of the costs and fees. Of this question, we said:

"He [the executor] should first satisfy the court costs other than the executor's and attorneys' fees out of the undevised personalty; then apply the balance of that personalty, if any, to those fees; then pro rate the balance among the heirs designated who are before the court, subjecting assets in his hands going to them respectively. An order should be made directing those who do not have sufficient funds in control of the executor and court to refund their proportionate part of the balance. We have no doubt, in recognition of their liability, the order of refund will be respected. If not, we see nothing in the way of entering a formal judgment, leaving to the executor his right to collect it in the foreign jurisdictions. See 7 R. C. L. 789; 15 C. J. 298."

Walker v. Ganote was an action to settle the estate of a decedent. A creditor filed a claim for services rendered the decedent. On final hearing, the court allowed it and rendered a personal judgment therefor against the heirs and distributees. Of this we said:

"* * * The record does not justify a personal judgment against each of the heirs for the sum allowed. Ransdell v. Threlkeld, 4 Bush, 347; Rubel v. Bushnell, 91 Ky. 251, 15 S. W. 520 [12 Ky. Law Rep. 816]. Such a judgment may be rendered where the amount received by each heir is as much as the claim allowed; but, where it is less, the court should determine the amount the heir is liable for, and give judgment accordingly."

It is apparent that the procedure and principles applied in the present case have been repeatedly approved by us. Our first approval was as early as 1849, in the cases of Gregory v. Litsey, and Morgan v. Hart, supra.

In Gregory v. Litsey, we said:

"It is conceded by counsel, if the money had been paid into Court by Litsey, or payment had been coerced by execution upon the decree, that the proceeding by rule to compel Gregory to refund after the reversal, would have been the appropriate remedy. But it is insisted, as payment in this case was not so made, but voluntary, and in the country, that the proceeding was unauthorized. We perceive no good reason for this distinction, nor are we aware that any such has been recognized in practice by Courts of equity in cases of this kind. It is sufficient, if the payment has been made pursuant to the order of the Chancellor, and that the payment in this case was so made, satisfactorily appears. Whether made directly to Gregory, or by his direction, the money was paid for him to his creditors, is not material. The case of Kane, etc., v. Pilcher, etc., 7 B. Mon. 651, and other authorities, which might be cited, fully sustains the proceeding in this case. And the decree is therefore affirmed."

In Morgan v. Hart, a decree in favor of Morgan against Hart and others was reversed, under which Morgan had received divers sums of money due from the other defendants to Hart, which was decreed to Morgan in part payment of his demand against Hart. Morgan's bill attaching the debts and praying for a personal decree was dismissed under the mandate of this court. Hart obtained a rule against Morgan to show cause why the money collected under the decree should not be restored. The latter set up a claim against Hart, and insisted that the procedure against him was not a proper remedy for obtaining restituiton, and should resort to his action. On a hearing in the circuit court, on review of the record therein, an order of restitution was made against Morgan. Of this, we said:

"The proceeding by rule or motion for restitution of money or property obtained under the direct operation of a judgment which has been reversed, is well known in Courts of law, and we have no doubt it is equally allowable and appropriate in the Court of equity, where in the practice in this State, it is often resorted to. The Chancellor certainly has power to remedy the injustice which may have been done under his own orders, when vacated by an appellate tribunal. And no objection is perceived to the summary mode of proceeding by rule. * * * Hart, therefore, was entitled to an order for the restitution of such sums as Morgan had received under the reversed decree."

The decree of the chancellor overlooks the rules herein reiterated, limiting the liability of the heirs and distributees to the proportionate part of the excess paid to each of them respectively over and above the sums to which they were respectively entitled. It erroneously decreed each of them liable for Sarah McMillan Paul's debt to the extent of the total amount which they have respectively received under the orders of the court in the distributing of Massie's estate.

The record discloses that on the 17th day of January, 1931, or within 60 days after its entry, she en-

tered a motion to set aside the order entered on November 29, 1930. The court later, by an appropriate order to set aside the order entered on November 29, 1930, "In so far as said order strikes the answer, counterclaim and cross-petition, of the defendant, Sarah McMillan, now Sarah McMillan Paul, tendered in this action on June 14, 1930, and filed and noted of record by order entered in this action on June 21, 1930, and said answer, counterclaim and cross-petition * * * is now in full force and effect as if same had never been stricken by said order entered on November 29, 1930." This order set aside so much of a previous order as sustained the motion to "strike from the files her answer, counterclaim and cross-petition," and directed that wherever the word "sustained" appeared therein it should read "overruled."

In so far as it related to a personal judgment against each of the heirs and devisees and a rule against them to restore to the executor or pay to her a sufficient amount to pay her debt, interest, and costs, the court declined to set aside the order of November 29, 1930.

The heirs and devisees insist that the action of the court denying her a personal judgment and a rule against them, though the same order permitted the filing of an answer, counterclaim, and cross-petition, is the law of the case and a bar to her right to a refund or restitution herein of any portion of the sums paid them under the orders of the court in the action to settle the estate of Massie.

It was competent for the court by appropriate orders in the action to settle Massie's estate, to compel either a creditor, heir, devisee, or legatee to refund or make restitution of any sum, or a portion thereof, received by him under its orders, in excess of that to which he was entitled to accomplish an equitable distribution or to pay any creditor entitled thereto. How to accomplish such refund or restitution was entirely within the sound discretion of the court. Dudley v. Bailey and Morgan v. Hart, supra. A procedure for that purpose may be on notice for rule, or on pleading or a petition of any interested party to the action to settle the estate and if by an independent

petition, a consolidation therewith. Morgan v. Hart, supra; Gray's Ex'r v. Patton's Adm'r, 3 Ky. Law Rep. 391; Louisville, Cincinnati & Lexington R. R. Co. v. Bates, 8 Ky. Law Rep. 701. A proceeding by a rule to require a refund or restitution in such case is a more stringent enforcement of the right thereto than a proceeding by a pleading in the action in which the restitution is sought, or by an independent action, and the court denying her the right to proceed by a rule, or to a personal judgment, and allowing her to proceed on pleading, was not an abuse of a sound discretion. Its order of January 11, 1931, denying her the privilege of availing herself of all the remedies, to originate a restitution or a refund, and allowing her to proceed on pleadings only, does not preclude her right to adequate relief on the pleadings, including her answer, counterclaim, and cross-petition. The court having thus compelled her to pursue and obtain relief thereon, the heirs and devisees are in no attitude to demand that the action of the court overruling her motion for a rule and personal judgment is a bar to her so proceeding. The court denying her the right to proceed by rule and confining her remedy to an answer, counterclaim, and cross-petition, and the consolidation of her independent action with the suit to settle the estate is not only not a bar of her right against the heirs and devisees but nonprejudicial.

Wherefore, the judgment is reversed, with directions to the court to enter a judgment in favor of Sarah McMillan Paul against each of the heirs, devisees, and legatees of Massie, limiting her recovery against each to the proportionate part of the excess paid each of them, respectively, over and above the sum to which they were respectively entitled, and for proceedings consistent with this opinion.