PAOPAOAILUA F. M. MULITAUAOPELE,
Petitioner

v.

AFU SIUFAU et al.,
Objectors

No. 1238-1972

High Court of American Samoa

Civil Jurisdiction, Land and Titles Division

[Land: "Matagimalie" in Aua]

May 21, 1973

This litigation arises out of an offer of registration of the land "MATAGIMALIE" located in the village of Aua, Tutuila, American Samoa, as the communal property of the Paopaoailua family filed by Petitioner with the Territorial Registrar on May 7, 1971. A survey of the land showing metes and bounds accompanied the offer to register the

land. On January 21, 1972, a certificate of the Pulenuu and Surveyor indicating conformance with requirements of Section 10.0112 of the Revised Code of American Samoa was filed along with an affidavit of posting showing that the notice for the proposed registration was posted on the bulletin board at the Administration Building (now the Courthouse) and in two public places in the village nearest to which the land is located. Earlier, on the date of filing of the offer of registration, Objector filed an objection thereto claiming that part of the land offered for registration is a communal property of the Afu family. We proceeded to trial on the question of whether the entire property at issue is a communal land of the Paopaoailua family or whether part of it is the communal land of the Afu family.

In support of his objection Objector testified that members of the Afu family have lived on the land in question for many years; that they had cultivated the land and planted plantations continuously since the time his grandparents were young; that members of the Afu family have no family relationship to Petitioner's family; and he denied, and most vehemently, that his family ever rendered services to the Petitioner's family. Objector further testified that the two graves of former holders of the Paopaoailua matai title were located on the land with the permission of Objector's family, and that Paopaoailua Pati, one of the two holders buried there, was a member of Objector's family. Objector's testimony was closely corroborated by his mother who testified on his behalf.

Petitioner, on the other hand, testified that Objector's parents and grandparents have lived on the property in issue by virtue of the fact that they are members of his family; that at one time Objector's grandfather was the matai taule'ale'a or leading young man for the Paopaoailua matai title; and that former holders of the Paopaoailua

matai title were buried on the land without permission from Objector. Petitioner's testimony was supported by the testimony of Launiusaelua, daughter of the late Paopaoailua Pati. Paopaoailua Pati is one of the holders buried on the land in dispute.

The Court is satisfied that the property in question is a communal land of the Paopaoailua family. The Court is further convinced that members of the Objector's family, including his parents and grandparents have lived on the land as members of the Petitioner's family, and that they rendered service thereto. *Afu v. Paopaoailua*, L & T No. 134 (1964), and *Afu v. Paopaoailua*, L & T No. 176 (1964), involving the same property and the same parties were adjudicated in favor of Petitioner, therefore, the contentions raised by Objector are barred by the doctrine of res judicata. See *Massie v. Paul*, 263 Ky. 183, 92 S.W.2d 11, 14. Also see *American S.S. Co. v. Wickwire Spencer Steel Co.* (D.C.N.Y.), 8 F.Supp. 562, 566.

IT IS THEREFORE THE JUDGMENT OF THIS COURT that the objection filed by Objector Afu be dismissed and the land be registered as the communal property of the Paopaoailua family.