AMERICAN SAMOA GOVERNMENT, Plaintiff

v.

ATUALEVAO MEREDITH, TOAONO KELEMETE, and JOHN
DOES 1-10, Defendants

High Court of American Samoa
Land and Titles Division

LT No. 19-94

April 26, 1995

Before RICHMOND, Associate Justice, BETHAM, Associate Judge,
ATIULAGI, Associate Judge.

Counsel: For Plaintiff, Henry W. Kappel, Assistant Attorney
 General, and Cherie S. Norman, Assistant Attorney
 General
 For Defendants, Solomona Toailoa and Albert Mailo

Order Granting Summary Judgment:

BACKGROUND

This matter arises out of a dispute over ownership of a 72.72 acre lot of
land located near the Tafuna airport. Originally, this court, in LT 16-
1957, determined that the Lemeana`i family owned this property. In a
condemnation proceeding, LT 15-1959 (Dec. 28, 1959), plaintiff
American Samoa Government ("ASG") obtained fee simple title to
approximately 550.83 acres, which included the land belonging to the
Lemeana`i family. On July 21, 1960, ASG paid the former title holder
of the Lemeana`i family $18,856.61 as compensation. In a failed attempt
by defendant Atualevao Meredith ("Meredith") to reclaim the land, this

court, in *Meredith v. American Samoa Gov't.*, 2 A.S.R.2d 66, 68 (Land & Titles Div. 1985), *aff'd*, AP 23-85 (1986), confirmed that once ASG condemned the land for a public purpose, it gained title in fee simple.

## PROCEDURAL HISTORY

On May 25, 1994, ASG filed a complaint for trespass and injunctive relief with this court naming Meredith, Toaono Kelemete ("Kelemete"), and John Does 1-10 as defendants. That same day, ASG, in addition to the complaint, applied for a temporary restraining order, which was not issued, and preliminary injunction. On June 15, 1994, Kelemete filed a *pro se* answer and counterclaim. On June 22, 1994, at the hearing on the order to show cause, the court issued a stipulated temporary restraining and associated orders. On June 30, 1994, pursuant to one of those orders, Meredith and Kelemete filed a second answer by counsel.

On January 27, 1995, ASG filed a reply to Kelemete's counterclaim and moved for summary judgment. On March 1, 1995, defendants filed their opposition to summary judgment, with three supporting affidavits. On March 2, 1995, the court first granted defendants leave to file a first amended answer and several counterclaims and then heard the motion for summary judgment. The court also gave ASG the opportunity to file a further written response to issues raised by defendants' opposition to summary judgment filed the day before the hearing. On March 20, 1995, ASG filed this response.

On April 11, 1995, at the hearing on defendants' motion to continue the trial beyond April 18, 1995, defendants questioned whether this response adequately served as ASG's reply to the amended counterclaims, and the court indicated it was more than sufficient. The trial is now scheduled to begin on May 31, 1995.

## SUMMARY JUDGMENT

Summary judgment is appropriate where the pleadings and supporting papers show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." T.C.R.C.P. 56(c), which mirrors F.R.C.P. 56(c). In ruling on such a motion, the court must view all pleadings and supporting papers in the light most favorable to the opposing party, *D. Gokal & Co. v. Daily Shoppers Inc.*, 13 A.S.R.2d 11, 12 (Trial Div. 1989) (citing *United States v. Diebold*, 369 U.S. 654 (1952)), treat the opposing party's evidence as true, and draw from such evidence the inferences most favorable to him. *Lokan v.*

11

*Lokan*, 6 A.S.R.2d 44, 46 (Trial Div.1987). That is, the facts must be "beyond dispute," and the non-moving party's factual assertions, supported by evidence such as affidavits, are presumed to be true. *Ah Mai v. American Samoan Gov't. (Mem.)*, 11 A.S.R.2d 133, 136 (Trial Div. 1989).

## DISCUSSION

ASG seeks an entry of summary judgment for two reasons. First, ASG asserts that there are no material facts in dispute, and second, that no legal issue exists since this court, in *Meredith*, 2 A.S.R.2d 66, held that title to the property vests in ASG in fee simple.

In support of their opposition to the motion for summary judgment, defendants filed the affidavits of Kelemete, Meredith, and Mafutau Kelemete.

First, defendants assert that the property ASG condemned in 1959 was not utilized until 1963, and therefore, according to the original Constitution of American Samoa, the land should revert back to the Lemeana`i family as original title holders. This assertion is legally incorrect.

A.S.C.A. § 37.2001(b), which amended § 37.2001 in 1988, states in relevant part: "If the subject land is not used for the stated public purpose within five years after condemnation it must be returned to the prior owner with all improvements." Previous to this amendment, neither the American Samoa Code nor original Constitution or the Revised Constitution contained any language that required the ASG to use condemned land within a specific term of years.

A.S.C.A. § 37.2001(b) does not have retrospective effect. Whether a statute operates retrospectively, or prospectively only is one of legislative intent. *Poston v. Clinton*, 406 P.2d 623, 626 (Wa. 1965) (court applied a strict rule of construction against a retrospective operation). Even if A.S.C.A. § 37.2001(b) had retrospective effect, ASG utilized the property for the stated purpose[1] within five years after condemnation.

Second, defendants claim that the land was never conveyed to ASG and since the Lemeana`i family has cultivated crops, built structures, and

---

[1] The lease of said property by ASG to the Federal Aviation Administration in 1963 was found by this court to be consistent with the stated purpose for which the land was condemned in 1959. *Meredith*, 2 A.S.R.2d at 67.

12

otherwise occupied the property continually from before 1959 until the present; they should not be removed from the land. This is incorrect. This court in the L.T. No. 15-1959 condemnation judgment decreed that the land was "condemned in fee simple and the ownership thereof in fee simple vested in the Government of American Samoa." This judgment was upheld in *Meredith*, 2 A.S.R.2d at 67. Even if it is true that the Lemeana`i family has been occupying the land since 1959, it has been in trespass. ASG could have brought an action for eviction at any time and by waiting until now to do so does not give defendants any interest in the property.

Third, defendants declare that the $18,857.61 the Lemeana`i family received from ASG as compensation for the condemned portion of their land was unjust and inadequate. They claim the compensation was accepted under protest, because numerous factors were ignored in the assessment of the value of the property. Defendants, therefore, contend that the condemnation proceeding, LT-1959, was unconscionable and in violation of their constitutional right to just compensation. This argument is untimely. This court, in *Meredith*, 2 A.S.R.2d at 67, confirmed the condemnation judgment, which vested fee simple title to the property in ASG and awarded the Lemeana`i family $18,857.61 in compensation. This decision was affirmed on appeal in LT 23-85. Therefore, defendants' appeal rights were exhausted in *Meredith*.

■ Furthermore, defendants failed to raise the issue of inadequate compensation in *Meredith*, and even if they had, it would be barred by res judicata. "The sum and substance of the whole doctrine [of res judicata] is that a matter once judicially decided is finally decided." *Massie v. Paul*, 92 S.W.2d 11, 14 (Ky. Ct. App. 1936).

Finally, defendants assert that during the 1988 gubernatorial election, Governor A.P. Lutali verbally promised to return a portion of the property to them if he was reelected. Defendants further assert that Governor Peter T. Coleman, during his term succeeding Governor Lutali, and Governor Lutali, during his present term, promised to convey a portion of the property to the Lemeana`i family under a perpetual lease. Even if these claims are factually correct, they have no legal bearing on this case.

■ A verbal promise to convey any interest in land is not legally binding in American Samoa. A.S.C.A. § 37.0211 states in relevant part: "No agreement for the sale of real property or any interest therein is valid unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged . . . ."

13

In addition, A.S.C.A. § 37.0210 requires that before an instrument can effectuate to pass title to any land it must first be registered with the Territorial Registrar. In this case, neither of these requirements were satisfied, and ASG is not under any legal obligation to return the land to defendants.

The Governor, pursuant to A.S.C.A. § 37.0221(a), does have the authority to approve a lease of communal land for any term not to exceed 55 years, but for such a lease to be valid, it must be, within two months of the agreement, placed in writing, approved by the Governor, confirmed under the hand and seal of the Governor, and duly registered. A.S.C.A. § 37.0221(d). In this case, none of these requirements were satisfied. Defendants do not have a valid lease executed by the Governor, and ASG is not under any legal obligation to lease the land to defendants.

## CONCLUSION

Because defendants' affidavits fail to support that any genuine issues of material fact are in dispute or that any valid legal issues exist, ASG's motion for summary judgment is granted.

It is so ordered.